IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM DOBSON, | : |
| Plaintiff, | : Civil Action No. 1:16-cv-01958-CCC |
| v. | : (CONNER, C.J.) |
| MILTON HERSHEY SCHOOL, ET AL. | : |
| Defendants. | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO SUBMIT ADDITIONAL EXHIBITS IN SUPPORT OF HIS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL[1]**

Plaintiff Adam Dobson, by and through his undersigned counsel, hereby submit this Memorandum of Law in Support of his Motion for Leave to Submit Additional Exhibits in Support of his Memorandum of Law in Opposition to Defendants' Motion for Leave to File Documents Under Seal. In support thereof, Plaintiff avers as follows:

**I.    FACTUAL AND PROCEDURAL HISTORY**

On July 28, 2017, Defendants submitted a Motion for Leave to Submit Documents Under Seal, accompanied by a Motion for Protective Order to this Court (collectively, "Motion to Seal"). *See* Doc. Nos. 44-46. On August 25, 2017, Plaintiff filed Memorandums of Law In Opposition to both of Defendants' Motions ("Plaintiff's Opposition"). *See* Doc. Nos. 54-55.

---

[1] The original Memorandum was filed last evening. Defendants' counsel subsequently informed Plaintiff's attorneys that they believe there is an error in the filing. Plaintiff's counsel has agreed to refile the Memorandum and accompanying Motion to address Defendants' counsel's concerns.

**II.     STATEMENT OF QUESTIONS INVOLVED**

Should this Court permit Plaintiff to supplement his Memorandum of Law in Opposition to Defendants' Motion for Leave to File Under Seal with the attached Exhibits A and B to address new evidence and arguments introduced in Defendants' Reply to Plaintiff's Opposition, including false allegations of attorney ethical conduct on the part of Plaintiff's counsel,?

*SUGGESTED ANSWER: YES*

**III.    ARGUMENT**

On July 28, 2017, Defendants submitted to this Court a Motion for Leave to Submit Documents Under Seal, accompanied by a Motion for Protective Order (collectively, "Motion to Seal"). *See* Doc. Nos. 44-46.  On August 25, 2017, Plaintiff filed Memorandums of Law In Opposition to both of Defendants' Motions ("Plaintiff's Opposition"). *See* Doc. Nos. 54-55.

On August 4, 2017, Defendants submitted to this Court a Motion to for Leave to Submit Additional Exhibits in Support of their Motion for a Protective Order. *See* Doc. No. 48. On August 28, 2017, this Honorable Court granted Defendants' Motion to submit additional exhibits. *See* Doc. No. 56.  On September 8, 2017, Defendants filed with this Court a Reply Brief in Further Support of their Motion to File Under Seal. *See* Doc. No. 59.

In Defendants' Reply Brief, and in furtherance of their request for relief, Defendants wittingly or unwittingly misled this Court by alleging with absolute certainty that Mr. F. Frederic Fouad publicly commented on material, *i.e.*, one exhibit that Defendants had included as "evidence" in their Motion for a Protective Order.

Specifically, Defendants alleged that "Fouad improperly and in violation of the Pennsylvania Rules of Professional Conduct publicly disclosed the content of the sealed filings." *See* Doc. No. 59 at 3, 10. Further, Defendants represented to this Court that "Dilworth lawyers

obviously also leaked the sealed documents at issue in the motion to Fouad, who then broadly disseminated them on various social media platforms." *Id.* at 10.

The sole "evidence" supposedly disseminated was a Facebook post Mr. Fouad had made some ten months ago, and the sole evidence that Mr. Fouad leaked sealed documents was a recent post wherein he commented that Defendants had attached the post to one of their filings. To make this reckless charge of misconduct on Mr. Fouad's part, including a citation to an ethical rule to add to the seriousness of the charge, Defendants coupled their charge with an equally reckless charge of misconduct on the part of Plaintiff's counsel, arguing that it was "obvious" that Plaintiff's counsel had "leaked" the Facebook post exhibit to Mr. Fouad.

When confronted privately about this erroneous accusation, Defendants' counsel—Jarad W. Handelman—argued that the only filing that discussed the Facebook post was its sealed filing. Defendants' assertion is demonstrably false.

On the contrary, on July 31, 2017, after their Motion to Seal was filed, Defendants' counsel served Mr. Fouad with a letter that was *publicly filed* in a New York proceeding then before the Honorable Richard A. Sullivan. Importantly, this publicly filed letter also attached the Facebook post at issue. A true and correct copy of Defendants' July 31, 2017 letter and accompanying attachment is attached hereto as Exhibit A. When questioned, Mr. Fouad immediately advised Plaintiff's counsel that the publicly filed letter with attachment in the New York proceeding was the sole basis for his recent Facebook post.

Plaintiff's counsel subsequently advised Defendants' counsel of this apparent oversight and politely asked counsel to simply rectify this mistake. Defendants initially denied that the post at issue was filed in another document and refused to correct the record. Then, when shown his own July 31, 2017 letter, Mr. Handelman, the same attorney who filed both documents,

acknowledged that he apparently overlooked the New York filing, but continued to refuse to correct the record in this case.

Defendants' "logic" in making these disturbing charges is that Mr. Fouad could not possibly have been referring to an *open-court filing,* because Defendants' counsel says so. The mere suggestion is absurd. Defendants' stubborn refusal to simply withdraw the offending charges is but the latest example of Defendants' relentless effort to use these proceedings to smear and harass their critics, and will not back down despite any evidence to the contrary.

Indeed, Defendants have also continued to use other proceedings to make equally disparaging remarks about Plaintiff and his counsel. For example, in a January 26, 2017 *Hummelstown Sun* article regarding another case, Defendants' attorney, Mr. Handelman, made remarks disparaging all of these cases and all plaintiffs who dared to seek damages from Defendants. A true and correct copy of the January 26, 2017 news article is attached hereto as Exhibit B.

Mr. Handelman makes tortured arguments that Defendants are entitled to seal documents and obtain a protective order of sweeping dimensions. But he nonetheless reserves the right to grandstand, issue bellicose statements about plaintiffs and their counsel, and otherwise publicly insult any and all who "offend" him.

Defendants' continued heavy-handed criticism of one solitary, non-confidential discovery response as the basis for their Motion is unsupportable. Any disclosure was consistent with the safe harbor of Model Rule 3.6(c), which allows for addressing just the kind of opposing counsel grandstanding that has repeatedly been exhibited — and which was required to address Defendants' public protestations about the purportedly "outrageous" allegations contained in Plaintiff's Amended Complaint. This "disclosure" was also of Defendants' own under-oath

discovery answer. The mere suggestion of impropriety is absurd and rewrites the relevant ethical and evidentiary principles.

Further, if Plaintiff cannot respond, Defendants will be able to control all media reports, issue rosy press releases on a daily basis without response, and surreptitiously use their alumni proxies to parrot Defendants' court positions in other forums — to which Plaintiff could make no retort.

MHS is not a secret society that cannot be criticized: it is a public charity dealing with the lives of thousands of needy and vulnerable children and must be held to public scrutiny where the safety and well-being of those children is concerned. As noted in Plaintiff's Opposition, Plaintiff seeks no restraints on Defendants and objects to such restraints on Plaintiff, ones that will result in a lop-sided press machine entirely favoring Defendants.

Accordingly, Plaintiff respectfully requests that this Court grant Plaintiffs Motion for Leave to supplement its Memorandum of Law in Opposition to Defendants' Motion For Leave to File Under Seal.

WHEREFORE, Plaintiff respectfully requests that this Court grant his Motion for Leave to Submit Additional Exhibits in Support of His Memorandum of Law in Opposition to the Defendants' Motions For Leave to File Documents Under Seal, and deem Exhibits A and B to be submitted by Plaintiffs as additional exhibits in support of his Memorandums.

Dated: September 14, 2017

Respectfully submitted:
/s/ *Gregory F. Cirillo*
Gregory F. Cirillo, Esquire
John J. Higson, Esquire
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
215-575-7000
gcirillo@dilworthlaw.com;
jhigson@dilworthlaw.com
*Attorneys for Plaintiff*