# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM DOBSON, | : | 1:16-cv-01958-CCC |
| Plaintiff, | : | |
| v. | : | (Conner, C.J.) |
| THE MILTON HERSHEY SCHOOL, *et al.*, | : | |
| Defendants. | : | |

## JOINT STIPULATED PROTECTIVE ORDER

It is hereby ORDERED that the following terms and conditions shall govern the disclosure and use of confidential information (including documents, testimony, answers to interrogatories, admissions, data, other materials and their contents) in this proceeding:

1. To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Confidential Information (defined in paragraph 2 below) to the parties in this proceeding, imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations. This Order applies to any PHI (as defined in paragraph 3 below) used, produced or disclosed in this litigation, whether or not such PHI is otherwise publicly available, and to any other

information furnished by parties and nonparties that is not otherwise publicly available.

2. This Order covers information that the producing or disclosing party or nonparty (hereinafter "source") designates in good faith as "Confidential." The parties to this Order further agree that they will use "Confidential" material or information solely for the purposes of facilitating the prosecution or defense of the action (including appeals) and not for any business or other purpose.

3. The designation "Confidential" shall be limited to information that the source reasonably and in good faith believes is of a proprietary or commercially sensitive nature, or should otherwise be subject to confidential treatment. The designation "Confidential" shall also apply to Protected Health Information ("PHI") (as defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")). Notwithstanding anything to the contrary in this Order or in any attachment hereto, all materials produced in this litigation containing PHI shall be used solely for the purposes of this matter and shall be returned to the source or destroyed at the end of this litigation in compliance with 45 C.F.R. § 164.512(e)(1)(v).

4. To designate information as "Confidential" a source must so mark it or, in the case of a deposition or hearing transcript, designate it as provided in paragraphs 10 and 11 herein, respectively. Either designation may be withdrawn

by the source. The source must mark each page of each document and/or each significant component of any other object containing confidential information with the appropriate designation as required. A cover letter can be used, if appropriate, to designate material provided in a computerized format as "Confidential."

5. The parties agree that, in the event of an accidental disclosure of confidential information without its designation as "Confidential," the parties will work in good faith to permit the source to correct the disclosure.

6. Subject to the provisions of paragraph 8, information designated as "Confidential" may be disclosed to and used only by:

    a. Counsel of record for the parties in this litigation and such counsel's support staff involved in this litigation;

    b. In-house counsel and support staff to the parties involved in this litigation;

    c. Any party to this litigation, or present or former employee of such party or its affiliated entities, to whom counsel reasonably determines it is necessary to provide the information for purposes of this litigation;

    d. Any consultant or expert who is being consulted or retained by counsel in this litigation (including such consultant's or expert's

support staff);

e. Deponents (including the stenographic reporters and video technicians);

f. Witnesses and potential witnesses, but only to the extent reasonably required for a party's case preparation;

g. Clerical or ministerial service providers, including outside copying services, retained by a party's counsel to assist such counsel in connection with this litigation;

h. The Court and its support staff; and

i. Others specifically identified and authorized in writing by the disclosing party.

7. Counsel for the respective parties shall be responsible for obtaining, prior to disclosure and as a condition thereof, the written agreement of any person to whom any confidential information is disclosed (other than those persons enumerated in paragraph 6 (a), (b), (c), (e), or (h), above) to be bound by the terms of this Order. Such written agreement shall be in the form annexed hereto as Attachment A.

8. Deposition transcripts shall presumptively be considered to have been designated "Confidential" for a period of fourteen (14) days following receipt of the transcript by the parties. During that time period, upon further review of the

transcript, the deponent, his counsel, or any party may designate all or portions of the transcript as "Confidential" which designation shall remain in effect for the duration of this Order. If there is no designation within the fourteen (14) day period, then the deposition transcript shall no longer be considered as containing confidential information. The deponent, his counsel, or any party making such a designation must advise counsel of record and the court reporter of the designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend. Nothing in this paragraph shall prevent a party from making specific designations on the record during the deposition, and the court reporter shall mark the face of the transcript appropriately in that event.

9. This Order may be applied equally to information obtained by or produced in response to any subpoena, including, in particular, information produced by nonparties. Any nonparty that designates any information as "Confidential" pursuant to this Order may agree to submit to the Court's jurisdiction in the United States District Court for the Middle District of Pennsylvania with regards to the determination of any disputes involving such designation.

10. The following procedures shall govern any challenges to

confidentiality designations:

    a. If a party reasonably believes that information should not be designated as "Confidential" it must specify to the source in writing: (a) the information in issue, and (b) its grounds for questioning the confidentiality designation. The parties agree that prior to any written notice challenging the propriety of a confidentiality designation, they will telephonically confer or meet in person in good faith.

    b. If the parties are unable to resolve their dispute, the source may move the Court to validate the confidentiality designation within fourteen (14) days of written notice by the receiving party that the dispute has not been resolved. The challenged confidentiality designation shall remain in effect for that fourteen-day (14) period, or, if a motion is filed, until the Court rules on the confidentiality designation.

    c. The party claiming confidentiality will have the burden of proving that the challenged confidentiality designation is appropriate under the circumstances.

11. Nothing in this Order shall prevent a party from using or disclosing its own information as it deems appropriate.

12. This Order shall survive the termination of this proceeding. Within

sixty (60) days after the final resolution of this proceeding, parties in possession of "Confidential" information produced by other sources shall either destroy or return to counsel for the source that produced it, at their request and expense, all such information. Counsel for each party must certify compliance for this paragraph within this sixty-day (60) period. As for those materials that contain or reflect "Confidential" information, but also constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order, and so long as counsel shall take all other reasonable steps to ensure that such documents are securely maintained. Counsel shall be entitled to retain pleadings, deposition transcripts, and the hearing record (including exhibits) even if materials contain "Confidential" materials so long as such information is marked to reflect that it contains information subject to this Order, and so long as counsel shall take all other reasonable steps to ensure that such documents are securely maintained. Counsel retaining court reporters shall have the responsibility of informing them of these requirements.

  13. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection

moves for an order providing such special protection pursuant to the Federal Rules of Civil Procedure.

APPROVED AS TO FORM AND ENTRY:

/s Gregory F. Cirillo
Gregory F. Cirillo (PA 46878)
John J. Higson (PA 80720)
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
215.575.7000 (phone)
gcirillo@dilworthlaw.com
jhigson@dilworthlaw.com
*Counsel for Plaintiff Adam Dobson*

/s Jarad W. Handelman
Jarad W. Handelman, Esquire (PA 82629)
Kyle M. Elliott, Esquire (PA 306836)
Elliott Greenleaf, P.C.
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone)
717.307.2060 (fax)
215.977.1000 (phone)
215.977.1099 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com
*Counsel for Defendants*

SO ORDERED this ____ day of _____, 2017

_____
Hon. Christopher C. Conner

# "ATTACHMENT A"
# ACKNOWLEDGMENT OF JOINT STIPULATED PROTECTIVE ORDER

I have read the Joint Stipulated Protective Order that has been entered in this proceeding, *Dobson v. Milton Hershey School, et al.*, 1:16-cv-01958-CCC (M.D. Pa.), and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with, and to be bound by its provisions. I hereby agree to subject myself to the jurisdiction of this Court for purposes of enforcement of the terms and restrictions of the Order. I agree that I will use "Confidential" material or information solely for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose.

I further agree that I shall not disclose "Confidential" material or information to anyone other than persons permitted to have access to such material or information, pursuant to the terms and restriction of the Order. I further agree that, upon termination of this proceeding, or sooner if so requested, I shall return all confidential material provided to me, including all copies and excerpts thereof, pursuant to the terms of the Order.

[CONTINUED ON NEXT PAGE]

I declare under penalty of perjury that the foregoing is true and correct.

_____  _____
Date                                          Signature

_____
Print Name

_____
Company

_____
Address