# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADAM DOBSON,** | : | CIVIL ACTION NO. 1:16-CV-1958 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **THE MILTON HERSHEY SCHOOL**, *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 10th day of October, 2017, upon consideration of plaintiff's motion (Doc. 57) to certify this matter for interlocutory review, and the court finding no basis for certification, see 28 U.S.C. § 1292(b), as this matter does not involve "substantial ground for difference of opinion," it is hereby ORDERED that plaintiff's motion (Doc. 57) is DENIED.[1]

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] We are compelled to correct an apparent misapprehension of our Rule 12 decision evident in plaintiff's briefing. This court did not hold as a matter of law that all negligence claims against private schools are barred by the gist of the action doctrine. (See Doc. 58 at 2, 8). We held only that the negligence claims asserted by plaintiff against defendants in *this* action are barred because they are subsumed by the express terms of the contract, to wit: "the School will provide a home, food, clothing, health care and an education for your child;" "[y]ou authorize the School to provide your child with all necessary . . . psychological and psychiatric services;" and "[t]he School is responsible for your child's health care while he or she is in our care." (See Doc. 11-3 at 5-6). The authority relied upon by plaintiff to show that there is "substantial ground for difference of opinion" is inapposite. The cited cases did not involve a direct contractual relationship between a student's parents and the school relating to the school's duty of care. Moreover, to the extent plaintiff seeks reconsideration of the court's order dated August 10, 2017, (see Doc. 58 at 2), plaintiff's motion is untimely under Local Rule of Court 7.10.