# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM DOBSON | : | |
| Plaintiff, | : | NO.   1:16-cv-01958 |
| v. | : | |
| THE MILTON HERSHEY SCHOOL, et al. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## ORDER

AND NOW this _____ day of _____, 2018, upon consideration of Defendants' Motion for Judgment on the Pleadings, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motion is DENIED.

**AND IT IS SO ORDERED**.

_____
Chief Judge Christopher C. Conner

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM DOBSON | : | |
| | : | |
| Plaintiff, | : | NO.   1:16-cv-01958 |
| | : | |
| v. | : | |
| | : | |
| THE MILTON HERSHEY SCHOOL, et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff hereby incorporates by reference the attached Memorandum of Law as if fully set forth at length herein requesting denial of Defendants' Motion for Judgment on the Pleadings.

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM DOBSON | : | |
| | : | |
| Plaintiff, | : | NO. 1:16-cv-01958 |
| | : | |
| v. | : | |
| | : | |
| THE MILTON HERSHEY SCHOOL, et al. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.    Standard**

   A.  *Fowler* re *Twombly* and *Iqbal*[1]

   **Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in Twombly and Iqbal (in accord with Phillips) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPML Shadyside - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1955 (2009)); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 230 (C.A.3 2008).

   Fowler reiterated the appropriate standard, as elucidated in Phillips, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff *may* be entitled to relief."  Fowler, supra (quoting Phillips, at 233) (emphasis added).  "Although

---

[1] *See generally*, "Simplified Pleading, Meaningful Days in Court, and Trials On The Merits:  Reflections On The Deformation of Federal Procedure," *New York University Law Review*, Vol. 88, p. 286 (April 2013).

Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."[2]  Fowler (citing Twombly, at 564, n.8).

"Even post-Twombly, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation ***that discovery will reveal evidence of the necessary element***.'"  Fowler, supra; (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 231 2671 (W.D. Pa. 2008) Phillips, at 234.  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969).  In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief).  *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." Fowler, supra  "…[S]tandards of pleadings are not the same as standards of proof."  Id.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." Id. (quoting Twombly, at 556).

---

[2] Mr. Sharp:         It's a conclusory fact.

Justice Breyer:  Well, it's a fact.  They sat in their view --

Mr. Sharp:         It's a conclusion.

Justice Breyer:  All right.  I don't know what a conclusory fact is as opposed to a regular fact.

Dart Cherokee Basin Operating Co. v. Owens, 13-719 (S.Ct. October 7, 2014) (excerpt from transcript of oral argument).

B. Amended Pleading

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected.  Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr. E.D. Pa. 2001).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); Fowler, supra. ("we note that the District Court inexplicably foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added).  The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, ***even if not requested***. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time); Estate of Frank P. Lagano v. Bergen County Prosecutor's Office, No. 13-3232 (C.A.3. 2014) (citing Alston v. Parker, 363 F.3d 229, 235 (C.A.3 2004)) (reversing a district court for not *sua sponte* granting leave to amend).

"Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. <u>Lorenz</u>, *supra*. "Futility" invokes the 12(b)(6) standard upon the district court's notice of the complaint's deficiencies.  <u>Davis v. Abington Memorial Hospital</u>, 765 F.3d 236, 244-245 (C.A.3 2014) (citing <u>Krantz v. Prudential Investments Fund Management, LLC</u>, 144 F.3d 140, 144 (C.A.3 2002).

<u>Conclusion:  Standard</u>

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendant's Motion should be denied.  In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.

**II.    Argument**

A. <u>Plaintiff has standing under the ADA; his claim is redressable</u>

Defendants claim that Plaintiff has no standing under the ADA because he has graduated from high school – false.

Defendants compare this case to <u>Mirabella v. William Penn Charter School</u>, 2017 WL 1062460 (E.D.Pa 2017).  In <u>Mirabella</u>, the plaintiff alleged ongoing emotional distress and "not being admitted to colleges to which he had a reasonable expectation of being admitted."  <u>Id</u>.

In <u>Mirabella</u>, the court granted summary judgment for the defendants and reasoned that although it was sympathetic to the plaintiff's injuries, he had failed to offer any explanation or actual evidence as to how injunctive relief under the ADA could redress those injuries.  <u>Id</u>.

This case is different.  First, this case is at the pleadings stage.  Further here, Plaintiff's First Amended Complaint (FAC) alleges students enrolled in MHS are eligible to receive up to $80,000 in post-secondary scholarships, earning credits for each year successfully completed at the School… However, students expelled from the School prior to graduating – like Adam are

not eligible to receive any of this scholarship money.  (FAC ¶109).  Without access to any scholarship money, Adam has had to support himself and has been unable to afford and attend collage… (FAC ¶110).  Plaintiff also alleged that he had over eight years of good conduct and academic success at MHS.  (FAC ¶111).

At the pleadings stage, this Honorable Court respectfully must accept these allegations as true: Plaintiff *was* eligible for scholarships, *would* have received scholarships, and *would* have attended college but for MHS' discriminatory conduct.  Fowler, *supra*.

This allegation is different from Mirabella where a student had a general expectation of admittance with no other evidence.  As alleged here, MHS is the direct and only cause of Adam not receiving a scholarship.

Defendants also misconstrue this allegation as a claim for money damages.  This is wrong.  The allegation is that MHS prevented Plaintiff's access to post-secondary education.  This Honorable Court respectfully can compel MHS to make Plaintiff scholarship eligible via injunctive relief.

Plaintiff has standing under ADA.

Finally, although not pleaded but wishing to be candid with this Honorable Court, Adam was expelled about a week before he was scheduled to take the SATs.  After the filing of the First Amended Complaint (filed by prior counsel), Plaintiff ultimately received loans and now attends community college.  Adam must pay back his loans in the future and has worked hard to get back on track.

If Plaintiff were scholarship eligible, Plaintiff would take the SATs now, apply to a higher ranked institution, transfer the college credits he has received so-far, and use his scholarship towards attending a new school (which would only be affordable with the

scholarship that Adam should have received). As a matter of equity, Plaintiff deserves the opportunity to take the SATs and apply to the best colleges he can afford just like every other student. Plaintiff was very unjustly robbed of that opportunity through MHS' egregious conduct.

Defendants will no doubt interpret this requested relief as a financial award. It is not – this is about access to post-secondary education.

B. Negligence *Per Se*

As argued above, Plaintiff's claim under the ADA forms the basis of his claim for Negligence *Per Se*.

C. Concessions

Plaintiff respectfully withdraws his claims under the FHA and FLSA

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM DOBSON | : | |
| Plaintiff, | : | NO. 1:16-cv-01958 |
| v. | : | |
| THE MILTON HERSHEY SCHOOL, et al. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 10th day of September 2018, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings was served via ECF upon the following parties:

Jarad W. Handelman, Esq.
Elliott Greenleaf, P.C.
17 N. Second Street
Suite 1420
Harrisburg, PA 17101

Kyle M. Elliott, Esq.
Elliott Greenleaf P.C.
925 Harvest Drive
P.O. Box 3010
Blue Bell, PA 19422

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff