# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ADAM DOBSON, | : | |
| | : | NO. 1:16-cv-01958-CCC |
| Plaintiff, | : | |
| | : | |
| vs. | : | (CONNER, C.J.) |
| | : | |
| THE MILTON HERSHEY SCHOOL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

Jarad W. Handelman
Kyle M. Elliott
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone) / 717.307.2060 (fax)
215.977.1000 (phone) / 215.977.1099 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com

*Attorneys for Defendants The Milton Hershey School, and The Hershey Trust Company, as Trustee of the Milton Hershey School Trust*

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................1

II. ARGUMENT IN REPLY............................................................................3

   A. Plaintiff Lacks Standing to Bring an ADA Claim Because He Seeks Only Monetary Damages as a Remedy, Which Are Unavailable Under Title III of the ADA As a Matter of Law. .......................................................................3

   B. An Alleged Violation of the ADA Cannot Serve as the Basis for a Negligence *Per Se* Claim..............................................................................8

   C. Plaintiff Has Abandoned His FLSA and FHA Claims..................................9

   D. Granting Leave to Amend Would Be Futile As a Matter of Law. ................9

III. CONCLUSION .........................................................................................11

I. **<u>INTRODUCTION</u>**

Plaintiff's six (6) page response admits that his remaining claims are legally meritless, and must be dismissed with prejudice. Significantly, Plaintiff has withdrawn his Fair Housing Act (Count II), and Fair Labor Standards Act (Count III) claims. The remaining two (2) claims Americans with Disabilities Act (Count I), and negligence *per se* (Count XIII) are legally flawed and must be dismissed. Notably, Plaintiff barely musters a response and <u>does not cite a single case to support either of his claims</u>.

Indeed, Plaintiff's response to his negligence *per se* claim consists of only <u>one legally insufficient conclusory sentence</u>. Plaintiff fails to address Defendants' controlling precedent confirming that an alleged violation of the ADA cannot, as a matter of law, form the basis of a negligence *per se* claim. This non-response is fatal to Plaintiff's claims and compels dismissal. Furthermore, a litigant who fails to counter controlling case law without explanation is deemed to have waived any defense of a request to dismiss. *See Smith v. Nat'l Flood Ins. Program of the Fed. Emergency Mgmt. Agency*, 156 F. Supp. 2d 520, 525 (E.D. Pa. 2001) ("Finally, defendants also argue that plaintiffs are not entitled to recover costs, interest and attorney fees. . . . Because plaintiffs have failed to file any response to this argument, the court will grant this part of defendants' motion to dismiss."); *Ocasio v. Ciach*, 2017 U.S. Dist. LEXIS 123070, at *6 n.3 (E.D. Pa. Aug. 3, 2017)

("Plaintiff has failed to offer any response to this argument, and so all claims against the Borough of Upland and Mr. Ciach and Ms. Peterson in their official capacities are appropriately dismissed with prejudice."); *Giampolo v. Somerset Hosp. Ctr. for Health*, 1998 U.S. Dist. LEXIS 14388, at *32 (W.D. Pa. May 29, 1998) ("Defendants have moved for summary judgment on this claim, and although he has not explicitly conceded the point, Giampolo offers no argument in response. Hence, I deem the issue waived and will dismiss this claim with prejudice.")

Plaintiff's ADA claim also fails as a matter of law.  Controlling Third Circuit precedent holds that money damages are not available under Title III of the ADA, and that any claim for prospective injunctive relief is not cognizable once a student (Plaintiff) is no longer eligible to return to a school because of subsequent graduation. In response, Plaintiff unconvincingly attempts to recast his claim as one pertaining to access to post-secondary education, a claim never before raised, but ultimately admits what he truly wants – money.  By conceding that the damages he seeks are equivalent to the amount of the scholarship money he would have received had he graduated from Defendant the Milton Hershey School ("MHS"), Plaintiff concedes that he seeks money damages that Title III of the ADA does not afford, and in doing so simply pretends that the controlling case law cited by Defendants does not exist.

There is no legal or factual basis supporting Plaintiff's baseless claims, and Plaintiff has failed to counter any of the controlling legal precedents cited by Defendants that warrant dismissal of Plaintiffs' two remaining claims. Accordingly, this Court should grant Defendants' Motion and enter judgment as a matter of law in Defendants' favor on each of Plaintiff's claims.

## II. ARGUMENT IN REPLY

### A. Plaintiff Lacks Standing to Bring an ADA Claim Because He Seeks to Recover Monetary Damages Which Are Unavailable Under Title III of the ADA As a Matter of Law.

Plaintiff, without citing any legal precedent, alleges that he has standing to pursue his ADA claim, because his Amended Complaint pleaded that MHS provides up to $80,000 to students for college scholarships, but his expulsion from MHS rendered him ineligible "to receive any of this scholarship money," and therefore he has "been unable to afford and attend collage [sic]." (Pl.'s Br. at 7 (citing Am. Compl., at ¶¶ 109-10.))[1] Plaintiffs' first-identified "access to post-secondary education" argument cannot resuscitate his withering and legally insufficient claims.

As set forth at length in Defendants' Brief, "[u]nder Title III of the ADA, private plaintiffs may not obtain monetary damages." *Anderson v. Macy's, Inc.*,

---

[1] Plaintiffs' standing argument is based exclusively on his request for "immediate qualification for the MHS Scholarship program," (Pl.'s Resp. at 6-8). Thus, Plaintiff has abandoned the other various forms of improper injunctive relief sought in the Amended Complaint. (*See* Doc. 20, Am. Compl., at ¶ 137(b)-(d).)

3

943 F. Supp. 2d 531, 538 (W.D. Pa. 2013); *Scott v. Giant Eagle Mkt.*, 2018 U.S. Dist. LEXIS 34514, at *8 (W.D. Pa. Mar. 2, 2018) ("The only remedy available in a Title III case is prospective injunctive relief; monetary damages are not available."); *Whitaker v. Firman*, 2013 U.S. Dist. LEXIS 117583, at *8 (W.D. Pa. Aug. 20, 2013) ("Under Title III, private plaintiffs are limited to recovering prospective injunctive relief; monetary damages are not available."); *Mirabella v. William Penn Charter Sch.*, 2017 U.S. Dist. LEXIS 40149, at *5 (E.D. Pa. Mar. 20, 2017) ("Defendants correctly note that, under the applicable provision of the ADA, aside from attorney's fees, injunctive relief is the only available remedy."); *Hollinger v. Reading Health Sys.*, 2017 U.S. Dist. LEXIS 12871, at *9 (E.D. Pa. Jan. 30, 2017) ("Under Title III of the ADA, injunctive relief is the only type of remedy available.").

Plaintiff attempts to avoid this mountain of controlling precedent by disingenuously arguing that he is not seeking money damages, but rather is seeking to "compel MHS to make Plaintiff scholarship eligible via injunctive relief." (Pl.'s Br. at 7.) Plaintiff contends, without any legal citation, that this "is not" a financial award and that it would be "wrong" to construe this allegation "as a claim for money damages." (*Id.* at 6-7.) However, a "claim for money damages" is exactly what Plaintiff is seeking. By requesting the Court to compel Defendants "to make

Plaintiff scholarship eligible via injunctive relief," Plaintiff is really asking the Court to compel Defendants to pay him $80,000.

However, it is well settled that Plaintiff "cannot transform a claim for damages into an equitable action by asking for an injunction that orders the payment of money." *Jaffee v. United States*, 592 F.2d 712, 715 (3d Cir. 1979); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1050 (3d Cir. 1993) ("we have stated that a plaintiff may not turn what is essentially a legal claim into an equitable one merely by demanding an injunction requiring the payment of money.").[2]  It is beyond question that the recovery that Plaintiff seeks is the payment of $80,000, which is not available under Title III of the ADA.  Knowing this, and knowing the controlling precedents cited by Defendants preclude such recovery, Plaintiffs' counsel now disingenuously submits an alternative theory of Plaintiffs' ADA claim which is equally meritless and equally foreclosed by applicable case law.  *See Anderson*, 943 F. Supp. 2d at 538; *Scott*, 2018 U.S. Dist. LEXIS 34514, at *8; *Whitaker*, 2013 U.S. Dist. LEXIS 117583, at *8; *Mirabella*,

---

[2] *See also New Mexico v. Regan,* 745 F.2d 1318, 1322 (10th Cir. 1984) ("a plaintiff may not transform a claim for monetary relief into an equitable action simply by asking for an injunction that orders the payment of money"); *United States v. Yonkers Bd. of Educ.*, 594 F. Supp. 466, 470 (S.D.N.Y. 1984) ("In *Jaffee*, supra, the Third Circuit held that a purported equitable claim would be considered the equivalent of a claim for monetary damages if it could be satisfied by the payment of money."); *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529 (N.D. Ill. 1998) ("The plaintiff seeks funding for treatment, this alters the nature of the relief requested making plaintiff's claims no different than traditional money damages claims.")

5

2017 U.S. Dist. LEXIS 40149, at *5; *Hollinger*, 2017 U.S. Dist. LEXIS 12871, at *9.

Moreover, even assuming *arguendo* that a claim for $80,000 in scholarship money is not a claim for "money damages," which it is, Plaintiff's claim still fails as a matter of law because prospective injunctive relief is only available where the plaintiff can establish "a real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice]." *W.G. Nichols, Inc. v. Ferguson*, 2002 U.S. Dist. LEXIS 10707, at *34 (E.D. Pa. June 6, 2002) (quoting *Brown v. Fauver,* 819 F.2d 395, 400 (3d Cir. 1987) (alteration in original)); *Anderson*, 943 F. Supp. 2d at 538 ("courts look beyond the alleged past violation and consider the possibility of future violations."); *Hollinger*, 2017 U.S. Dist. LEXIS 12871, at *9 (same); *Scott*, 2018 U.S. Dist. LEXIS 34514, at *9 (same); *Whitaker*, 2013 U.S. Dist. LEXIS 117583, at *11 (same); *Mirabella*, 2017 U.S. Dist. LEXIS 40149, at *8-9 (rejecting plaintiff's argument that he had continued to suffer from defendant's alleged actions because they allegedly caused him to "not be[] admitted to any of the colleges to which he had a reasonable expectation of being admitted.")

In light of this, "***[t]he great weight of precedent instructs that [Plaintiff's] graduation from high school rendered his ADA claim for injunctive relief moot.***"

*Mirabella*, 2017 U.S. Dist. LEXIS 40149, at *10 (emphasis added);[3] *Zeller v. Donegal Sch. Dist. Bd. of Ed.*, 517 F.2d 600, 601 n.1 (3d Cir. 1975) ("Upon young Zeller's graduation from high school, however, the request for equitable relief became moot, . . ."); *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 214 (3d Cir. 2003) ("Because Donovan has graduated pending this review, we conclude that her request for injunctive and declaratory relief is moot,....").[4] Therefore, even in the unlikely event that that Plaintiff's request for $80,000 could be construed as a request for prospective injunctive relief, such relief is not available due to Plaintiff's admitted graduation from high school.

---

[3] Plaintiff speciously asserts that *Mirabella* is inapplicable because "this case is at the pleadings stage," whereas *Mirabella* was decided after discovery had occurred. (Pl.'s Br. at 6.) However, in *Mirabella*, the Court held that plaintiff's claims must be dismissed solely because of the fact that "[f]ollowing graduation from high school, Conner [the graduated student] no longer had a personal interest in the challenged practices." *Mirabella*, 2017 U.S. Dist. LEXIS 40149, at *10-11. There is no possible discovery here that could change the fact that Plaintiff has graduated from high school. Indeed, Plaintiff admits this controlling fact. Thus, that *Mirabella* was decided after discovery is irrelevent.

[4] *See also Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) ("This court has consistently held that students' declaratory and injunctive claims against the universities that they attend are mooted by the graduation of the students...."); *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 991 (7th Cir. 2000) ("Stotts has graduated; he no longer has a reasonable expectation of being subjected to the Board's appearance regulation."); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000) ("It is well-settled that once a student graduates, he no longer has a live case or controversy justifying declaratory and injunctive relief against a school's action or policy.")

Accordingly, this Court should grant judgment as a matter of law in favor of Defendants on Count I (ADA claim).

### B. An Alleged Violation of the ADA Cannot Serve as the Basis for a Negligence *Per Se* Claim.

Plaintiff's response concerning his negligence *per se* claim (Count XIII) is a single sentence, stating that "[a]s argued above, Plaintiff's claim under the ADA forms the basis of his claim for Negligence *Per Se*." (Pl.'s Br. at 8.) Plaintiff relies exclusively on an alleged ADA violation as the basis for his negligence *per se* claim. He has abandoned his allegations that purported violations of the FLSA and FHA also form the basis of his negligence *per se* claim. *See id.*

However, as set forth in Defendants' Brief, "violation of an ADA regulation may not be used as evidence of negligence per se." *McCree v. SEPTA*, 2009 U.S. Dist. LEXIS 4803, at *41 n.11 (E.D. Pa. Jan. 22, 2009); *Levin v. Dollar Tree Stores, Inc.*, 2006 U.S. Dist. LEXIS 88595, at *9 (E.D. Pa. Dec. 7, 2006) (refusing to allow the plaintiff to "'borrow' the ADA regulations for use as evidence of the standard of care to prove negligence"); *Aponik v. Verizon PA., Inc.*, 106 F. Supp. 3d 619, 624 (E.D. Pa. 2015) ("Because the ADA was not designed to protect those with disabilities from personal injuries, [p]laintiff is unable to state a claim for negligence per se.").

Plaintiff fails to even attempt to distinguish this controlling legal precedent that uniformly holds that alleged violations of the ADA cannot, as a matter of law,

serve as the basis of a claim for negligence *per se*. Moreover, Plaintiffs' failure to address or counter these controlling precedents mandates dismissal of Plaintiffs' negligence *per se* claim. *See Smith*, 156 F. Supp. 2d at 525; *Ocasio*, 2017 U.S. Dist. LEXIS 123070, at *6 n.3; *Giampolo*, 1998 U.S. Dist. LEXIS 14388, at *32.

Accordingly, this Court should grant judgment as a matter of law in favor of Defendants on Count XIII (negligence *per se* claim).

### C. Plaintiff Has Abandoned His FLSA and FHA Claims.

Plaintiff has withdrawn and abandoned his causes of action under the FHA (Count II), and the FLSA (Count III). Accordingly, this Court should grant judgment as a matter of law in favor of Defendants on Counts II and III.

### D. Granting Leave to Amend Would Be Futile As a Matter of Law.

Plaintiff spends four (4) of the six (6) pages of his Argument in Response stating the well-established pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Aschroft v. Iqbal*, 556 U.S. 622 (2009). Plaintiff concludes by arguing that his Amended Complaint is sufficiently specific under these standards, but that if the Court disagrees, he should be given leave to again amend his Complaint. (Pl.'s Br. at 3-6.) Plaintiff misstates, or fundamentally misunderstands, the grounds warranting dismissal of his remaining claims.

The fatal legal deficiency of Plaintiff's ADA and negligence *per se* claims, however, is not insufficient specificity. Rather, Plaintiff's ADA claim fails as a matter of law because money damages are not cognizable under the ADA, and any prospective injunctive relief is unavailable because Plaintiff has graduated from high school. Likewise, the theory upon which his negligence *per se* claim is premised is not legally cognizable. (*See supra* Parts II.A and B.) It would be futile to permit Plaintiff to again amend his Complaint because his ADA and negligence *per se* claims *fail, as a matter of law, under any set of possible facts*. *See Corman v. Torres,* 287 F. Supp. 3d 558, 574 (M.D. Pa. 2018) ("the deficiencies identified herein are legal rather than factual in nature. Accordingly, we conclude that leave to amend would be futile."); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) ("an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'")[5]

The legal defects in Plaintiffs' claims are incurable. Accordingly, this Court should deny Plaintiff's request for leave to again amend, and grant judgment as a matter of law in favor of Defendants on Counts I and XIII.

---

[5] Moreover, Plaintiff has not submitted a proposed Second Amended Complaint in violation of Local Rule 15.1. *See* L.R. 15.1 ("The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading ...."); *see also Lake v. Arnold,* 232 F.3d 360, 374 (3d Cir. 2000) ("Here, as we stated above, the plaintiff failed to give the District Court a draft complaint to review. Thus, the court had nothing upon which to exercise its discretion.")

## III. <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully request that the Court grant judgment on the pleading in favor of Defendants on all of Plaintiff's remaining claims.

Respectfully submitted,

ELLIOTT GREENLEAF, P.C.

 */s/ Jarad W. Handelman*
Jarad W. Handelman, Esquire (PA 82629)
Kyle M. Elliott, Esquire (PA 306836)
Elliott Greenleaf, P.C.
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone) / 717.307.2060 (fax)
215.977.1000 (phone) / 215.977.1099 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com

*Counsel for Defendants*

Dated: September 24, 2018

## **CERTIFICATE OF WORD COUNT**

Pursuant to Local Civil Rule 7.8(b), I certify that the word count feature of the word-processing system used to prepare this Reply Brief states that it is 2,630 words.

                                                    */s/ Jarad W. Handelman*
                                                    Jarad W. Handelman

Dated: September 24, 2018

## **CERTIFICATE OF SERVICE**

I, Jarad W. Handelman, Esquire, hereby certify that I caused the foregoing to be served on all counsel via the Court's electronic filing system.

                                                            */s/ Jarad W. Handelman*
                                                            Jarad W. Handelman

Dated: September 24, 2018