## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADAM DOBSON,

               Plaintiff,

        vs.

THE MILTON HERSHEY SCHOOL,
*et al.,*

               Defendants.

NO.  1:16-cv-01958-CCC

(CONNER, C.J.)



FILED
HARRISBURG, PA
NOV 0 2 2018
Per _____ CLERK

### ORDER

Now, this 1st day of November, 2018, in light of the concurrence of the parties and the March 13, 2018, Subpoena to Produce Documents, Information, or Objects in a Civil Action directed to Doris F. Chang, PH. D. ("Dr. Chang"), the Court hereby enters this Qualified Protective Order regarding discovery sought from Dr. Chang:

1.    Regarding the Subpoena to Produce Documents, Information, or Objects in a Civil Action, Dr. Chang shall, within fourteen days of service of this Qualified Protective Order, produce to Defendants' counsel the following records regarding Plaintiff Adam Dobson ("Plaintiff"): (1) a complete copy of the medical record; (2) a complete copy of any medical bill; (3) a complete copy of the release

of information file; and (4) a complete copy of any accounting of disclosures (collectively, "Medical Records"), subject to the following:

(a) Defendants' counsel shall maintain the confidentiality of the Medical Records by not disclosing any portion of the records to anyone other than the Court under seal, Plaintiff's counsel, and Defendants' expert witnesses. Plaintiff's counsel shall maintain confidentiality of the Medical Records by not disclosing any portion of the contents of the records to anyone other than the Court under seal and Plaintiff's expert witnesses. Neither Defendants' counsel nor Plaintiffs' counsel shall release any portion of the records to any other third parties and counsel shall instruct their expert witnesses not to do so under penalty of being held in contempt of Court.

(b) At the conclusion of this litigation, Defendants' counsel and Plaintiffs' counsel shall destroy Dr. Chang's Medical Records of Plaintiff, including records provided to their experts.

(c) Under no circumstances shall counsel for the parties or their experts use the information contained in the Medical Records for purposes other than this lawsuit, and counsel shall instruct their expert witnesses not to do so under penalty of being held in contempt of Court.

2.     Regarding any Subpoenas to Testify at a Deposition in a Civil Action, the following Qualified Protective Order shall apply to the deposition of Dr. Chang:

(a)     Only counsel for the parties, a court reporter, videographer, the witness, a representative of Defendants, Plaintiff, and counsel for Dr. Chang shall be permitted to attend the deposition.

(b)     The transcript and any audio-video recordings of Dr. Chang shall be marked "Confidential" and shall not be disclosed to anyone other than the Court under seal and the parties' expert witnesses. Neither Defendants' counsel nor Plaintiffs' counsel shall release the transcripts or any portion of the transcripts, or audio-video recordings or any portion of any audio-video recordings to any other third parties and counsel shall instruct their expert witnesses and court reporters not to do so under penalty of being held in contempt of Court.

(c)     At the conclusion of this litigation, Defendants' counsel and Plaintiff s counsel shall destroy the transcripts and audio-video recordings, including the transcripts and audio-video recordings provided to their experts.

(d)     Under no circumstances shall counsel for the parties or their experts use the information contained in the transcripts or audio-video recordings or the testimony acquired from Dr. Chang for purposes other than this lawsuit and

counsel shall instruct their expert witnesses and court reporters not to do so under

penalty of being held in contempt of Court.

3.    The purpose of this Order is to insure compliance with the privacy

provisions of the Pennsylvania Mental Health Procedures Act, 50 Pa. Cons. Stat.

Ann. § 7111, and the Privacy Rule issued pursuant to the Health Insurance

Portability and Accountability Act, 45 C.F.R. § 164.512(e).  In the latter case, this

Order constitutes a Qualified Protective Order within the meaning of 45 C.F.R. §

164.512(e).

_____

iChristopher C. Conner, Chief Judge
United States District Court