**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ADAM DOBSON, | : | |
| | : | NO. 1:16-cv-01958-CCC |
| Plaintiff, | : | |
| | : | |
| vs. | : | (CONNER, C.J.) |
| | : | |
| THE MILTON HERSHEY SCHOOL, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF ADAM
DOBSON'S MOTION FOR ENLARGEMENT OF TIME TO FILE REPLY
BRIEF IN SUPPORT OF "CROSS MOTION" TO AGAIN AMEND
<u>PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendants the Milton Hershey School ("MHS" of the "School"), and The

Hershey Trust Company ("HTC"), as Trustee of the Milton Hershey School Trust

(collectively, "Defendants"), hereby file this Response in Opposition to Plaintiff

Adam Dobson's ("Plaintiff") Motion for Extension of Time to file Reply Brief in

Support of his "Cross Motion" for Leave to file a Second Amended Complaint.

(Doc. 111.)

In an all too predictable tactic designed to delay judicial review of the

merits, Plaintiff, at the last minute and on the date on which his Reply Brief in

Support of Motion for Leave to file Second Amended Complaint is due, filed this

Motion regurgitating the same excuses he has proffered to this Court in this case[1] on at least two separate occasions: (1) July 27, 2018, (Doc. 95), First Motion for Extension of Time to file Response in Opposition to Defendants' Motion for Judgment on the Pleadings; and (2) August 15, 2018, (Doc. 97), Second Motion for Extension of Time to file Response in Opposition to Defendants' Motion for Judgment on the Pleadings.

Despite the feigned need for and benefit of the requested eleventh hour extension,[2] Plaintiff's disregard for this Court's limited resources, and the parties' time, is evidenced by the fact that, when he recently secured permission to file a Sur-Reply Brief in Opposition to Defendants' Motion for Judgment on the Pleadings, (Doc. 105), instead of filing the Sur-Reply on October 12, 2018, the date it was due, he chose to waive the court-ordered relief he had secured and ***filed the instant "Cross Motion"*** seeking to again amend his Complaint.

---

[1]   In another case in which Plaintiff's counsel represented a plaintiff suing MHS, he filed a number of nearly identical motions.  *See Buchan v. Milton Hershey School, et al.*, No. 16-cv-2557-CCC (M.D. Pa.).   After securing an extension of time to file a response to Defendants' motion to dismiss in that case, counsel voluntarily withdrew the second amended complaint on behalf of the plaintiff.  *See* (Docs. 23-25.)

[2]   Plaintiff's customary assertions for the need for the extension, *i.e.* the "complexity" of the preceding pleading, and the benefit of the extension, *i.e.* to "better enable this Honorable Court to come to a just and accurate determination," are parroted in each last minute request for extension that counsel routinely requests.

The instant Motion, which does not include a supporting Brief, and merely parrots Plaintiff's Motion to file a Sur-Reply, (Doc. 103), disingenuously and baldly concludes that "a Reply would better enable this Honorable Court to come to a just and accurate determination of Plaintiff's" Motion.  (*Id.* at 1.)  Plaintiff is mistaken, as Defendants' Response Brief, (Doc. 107), establishes that as a matter of fact and law leave to again amend is not only improper, but would be futile.

Tellingly, while Plaintiff's Motion has been pending, Plaintiff's counsel has seemingly found enough time to make filings on the docket related to the deficiencies in Plaintiff's "Cross-Motion" that are specifically identified in Defendants' Brief in opposition to the "Cross-Motion," the very document to which the Reply Brief for which he now seeks an extension applies, and that Plaintiff's counsel alleges he has insufficient time to prepare.   Rather than preparing a proper Reply Brief (or preparing a proper principal Motion and Brief with the requisite L.R. 15.1 proposed Second Amended Complaint), he filed a "Praecipe to Supplement/Attach Second Amended Complaint" – which should have been filed on October 12, 2018, when he filed the Cross Motion (instead of filing his Court Ordered Sur-Reply).  (Doc. 113, 113-1.)  In addition, Plaintiff filed a Certificate of Non-Concurrence that was omitted from his original "Cross-Motion" filing in violation of Local Rule 7.1, cited by Defendants in their Brief in Opposition.

In short, Plaintiff's repeated attempts to delay the substantive and dispositive dismissal of his claims must not be countenanced. Defendants' Motion for Judgment on the Pleadings is ripe for adjudication, as well as Plaintiff's meritless "Cross Motion" to again amend Plaintiff's Amended Complaint.  Plaintiff must comply with the same Federal Rules and standards of all counsel, Defendants' counsel, and his repeated attempts to delay justice and a dispositive ruling on his pleadings that are deficient as a matter of law and fact must be rejected.  *See* Fed. R. Civ. P. 1 (The Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Enlargement of Time.  Defendants do not concur with Plaintiff's Motion.

Respectfully submitted,

ELLIOTT GREENLEAF, P.C.


*/s/ Jarad W. Handelman*
Jarad W. Handelman, Esquire (PA 82629)
Kyle M. Elliott, Esquire (PA 306836)
Elliott Greenleaf, P.C.
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone) / 717.307.2060 (fax)
215.977.1000 (phone) / 215.977.1099 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com

*Counsel for Defendants*

Dated: November 9, 2018

## **CERTIFICATE OF SERVICE**

I, Jarad W. Handelman, Esquire, hereby certify that I caused the foregoing

Response to be served on all counsel via the Court's electronic filing system.


*/s/ Jarad W. Handelman*
Jarad W. Handelman

Dated: November 9, 2018