IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____
:
ADAM DOBSON,                           :        1:16-cv-01958-CCC
:
    Plaintiff,                         :
    v.                                 :        (CONNER, C.J.)
:
THE MILTON HERSHEY SCHOOL, *et al.*,:
:
    Defendants.                        :
_____:

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO NADEGE FLEURIMOND**

Defendants, the Milton Hershey School ("MHS or "School"), and The Hershey Trust Company, as Trustee of the Milton Hershey School Trust (collectively "Defendants"), submit this Brief in support of the Motion to Compel, filed contemporaneously herewith, moving this Court to compel compliance with a subpoena for production of documents, information, or objects issued on March 13, 2018, to Nadege Fleurimond, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

### I. PROCEDURAL HISTORY OF THE CASE

On August 10, 2017, the Court granted Defendants' Motion to Dismiss in full as to certain claims within Plaintiff's Amended Complaint. (Docs. 50-51.) Defendants filed an Answer with Affirmative Defenses to the remaining claims of

the Amended Complaint on August 24, 2017. (Doc. 53.) On July 17, 2018, Defendants filed a Motion for Judgment on the Pleadings, which is pending before the Court. (Doc. 92.) Discovery is ongoing in the case.

## II. FACTUAL BACKGROUND

On March 13, 2018, Defendants issued a subpoena for the production of documents, information, or objects ("Subpoena") to Ms. Fleurimond, seeking specific materials highly relevant to this litigation. *See* Subpoena and Proof of Service, attached hereto as Exhibit 1. The Subpoena requested Ms. Fleurimond produce responsive materials by April 6, 2018. *See id*. On March 31, 2018, Defendants served the Subpoena on Ms. Fleurimond.[1] *See id*. Ms. Fleurimond failed to produce *any* materials in response to the Subpoena.

On June 11, 2018, Defendants sent a letter to Ms. Fleurimond attaching the Subpoena and again requesting that she produce the materials specified in the Subpoena. *See* June 11 Letter to Ms. Fleurimond, attached hereto as Exhibit 2. Defendants also informed her that they would seek relief from the Court should Ms. Fleurimond not comply with the Subpoena. *Id*. Shortly thereafter, Ms. Fleurimond contacted counsel for Defendants and stated that she was preparing

---

[1] Under Federal Rule of Civil Procedure 45(a)(4), Defendants provided notice and a copy of the Subpoena to Plaintiff Adam Dobson before serving Ms. Fleurimond. Plaintiff's counsel has never objected to the Subpoena or otherwise filed a Motion to Quash.

materials responsive to the Subpoena. Despite Ms. Fleurimond's representation, she did not produce any materials requested in the Subpoena.

Over seven months have passed since Defendants served Ms. Fleurimond with the Subpoena. To date, she has still not produced *any* materials in response to the Subpoena. Further, Ms. Fleurimond has failed to provide *any* written response or objection to the Subpoena. Moreover, the current discovery deadline is December 17, 2018. (Doc. 101.) Defendants' counsel has attempted to resolve Ms. Fleurimond's non-compliance with the Subpoena to no avail.

### III.   STATEMENT OF QUESTION INVOLVED

1. Whether the Court should compel Nadege Fleurimond to comply with the Subpoena that was properly served on her, where her response is overdue, and she has failed to object to the Subpoena or otherwise move to quash?

**Suggested Answer:   Yes.**

### IV.   ARGUMENT

A non-party to an action may be compelled to produce discoverable documents and things as provided in Rule 45 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 34(c). Under Rule 45, "[a] person commanded to produce documents or tangible things . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials . . . ." Fed. R. Civ. P. 45(d)(2)(B). Under Rule

26, Defendants are entitled to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Objections to the subpoena "must be served the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). District courts around the country have recognized that failing to assert timely written objections results in waiver of those objections. *See Brogren v. Pohlad*, 1994 WL 654917, *1 (N.D. Ill. Nov. 14, 1994) (holding that the failure to assert timely objections to a subpoena constituted a waiver of all objections) (citing *Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990)); *see also Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 412 (S.D. N.Y. 2000) (finding waiver where objection was not asserted within time under the rule); *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568, 570 (D.N.M. 1998) (same).

Where a subpoenaed person fails to provide materials requested in a subpoena, Rule 45 permits the serving party to "move the court for the district where compliance is required for an order compelling discovery or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

Here, Defendants effected service of the Subpoena on Ms. Fleurimond on March 31, 2018, in compliance with applicable Federal Rules. Despite representing to Defendants that she would comply with the Subpoena, seven

months have passed and Ms. Fleurimond has completely ignored her obligations under the Subpoena and the Federal Rules. She has failed to produce *any* materials in response to the Subpoena. Further, Ms. Fleurimond has waived any objection to the Subpoena by failing to provide timely written objections to the Subpoena, which were due April 6, 2018. The materials requested in the Subpoena are directly relevant to this litigation and are discoverable under Federal Rule 26.

Accordingly, this Court should direct Ms. Fleurimond to produce all materials requested in the Subpoena without objection, and without delay. Ms. Fleurimond's failure to comply or respond to the Subpoena cannot be excused under Rule 45.

## V. CONCLUSION

For the foregoing reasons, Defendants request this Court enforce the March 13, 2018, Subpoena, and compel Ms. Fleurimond to produce all materials responsive to the Subpoena without further delay and within ten (10) days of the date of the Court's Order.

Respectfully submitted,

ELLIOTT GREENLEAF, P.C.

*/s Jarad W. Handelman*
Jarad W. Handelman, Esquire (PA 82629)
Kyle M. Elliott, Esquire (PA 306836)
Elliott Greenleaf, P.C.
17 N. Second Street, Suite 1420
Harrisburg, PA 17101
717.307.2600 (phone) / 717.307.2060 (fax)
215.977.1000 (phone) / 215.977.1099 (fax)
jwh@elliottgreenleaf.com
kme@elliottgreenleaf.com

Dated: November 14, 2018          *Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I, Jarad W. Handelman, Esquire, hereby certify that I caused the foregoing Brief In Support of Motion to Compel Compliance With Subpoena Issued to Nadege Fleurimond to be served on all counsel via the Court's electronic filing system, and on Nadege Fleurimond via email, Federal Express, and U.S. first class mail at 289 East 95th Street, Apt. #1F, Brooklyn, NY 11212.

Dated:  November 14, 2018        */s Jarad W. Handelman*
                                         *Counsel for Defendants*