# Elliott Greenleaf

www.elliottgreenleaf.com

Elliott Greenleaf
One Market Square Plaza
17 N. 2nd Street
Suite 1420
Harrisburg, Pennsylvania 17101
Phone: (717) 307-2600 · Fax: (717) 307-2060
Email: jwh@elliottgreenleaf.com

December 5, 2018

**VIA ECF**

Chief Judge Christopher C. Conner
U.S. District Court
Middle District of Pennsylvania
228 Walnut Street
PO Box 983
Harrisburg, PA 17101

    *Re:  Dobson v. The Milton Hershey School, et al.*
          *Civil Action No. 1:16-cv-01958-CCC (M.D. Pa.)*

Dear Chief Judge Conner:

We represent Defendants in the above-referenced action, and this correspondence respectfully requests the Court's assistance in compelling Protect the Hersheys' Children, Inc. ("PHC") to comply with a duly served December 13, 2017, subpoena, with a deposition date of January 5, 2018. (Ex. "1".)

PHC's President, F. Frederic Fouad ("Fouad"), has used PHC to extensively publish communications about the alleged facts and legal theories of this case, and Plaintiff Adam Dobson ("Plaintiff"), including publications dated approximately two years before Plaintiff filed a Complaint. *See* http://www.protecthersheychildren.org/docs/AG_USA_Hershey_White_Paper_11_11_14.pdf, PHC's Nov. 11, 2014, White Paper to Att'y Gen. Holder at 3-4 (Plaintiff "Adam Dobson's story paralleled [AB's]. . . . when [Plaintiff's] depression led to a second short-term stay at a local mental health facility in the last month of his junior year, Hershey administrators callously and abruptly expelled him.") (last accessed Dec. 5, 2018.) Indeed, Plaintiff is the "poster child"

of PHC self-serving and misleading postings and social media communications. His photograph appears prominently on PHC published writings, along with PHC's meritless allegations attacking MHS, and its administrators.

Indeed, many, if not all, of the allegations of Plaintiff's Amended Complaint, and, as this Court has already determined, undeniably the theory of liability that is the foundation of Plaintiff's claims, are directly traceable to writings authored and published by PHC and its members, including principally by Fouad. In *Wartluft v. Milton Hershey School*, Civ. No. 1:16-cv-2145-CCC (M.D. Pa.), a case simultaneously filed against Defendants involving a minor, AB, Judge Carlson found that "we have little difficulty in finding at the outset that Milton Hershey's inquiries into the factual basis of PHC's allegations which form part of the foundation for this lawsuit was a relevant, proper line of inquiry." *Wartluft* (Doc. 95, Oct. 19, 2016, Memo. Op. at 15.)

The same is true here. Significantly, PHC and its members, including Fouad, have admittedly given money to Plaintiff. PHC documents produced in *Wartluft* confirm that PHC Board members discussed these financial payments and assistance to Plaintiff. This clearly implicates the credibility and motivation for Plaintiff's claims against Defendants. (Ex. "2", PHC-00617-33.)

Following service of the subject subpoena, counsel for PHC, Jeffrey Schreiber, Esquire ("Attorney Schreiber"),[1] contacted Defendants' counsel on December 22, 2017. (Ex. "3".) As he did with a previously served PHC corporate deposition subpoena in *Wartluft*, Attorney Schreiber's correspondence contained a litany of demands improperly attempting to limit the scope of PHC's deposition in violation of the Federal Rules of Civil Procedure. Attorney Schreiber, however, stated that he "will comply with [PHC's] obligation under the [s]ubpoena," but the January 5, 2018, deposition date was purportedly inconvenient for PHC's Rule 30(b)(6) representative, Fouad, because he would be in Toyko, Japan.

As an alternative to the date, time and location noticed by the subpoena, Attorney Schreiber proposed to convene the deposition on December 28, 2017, but only in New York, the same tactic he had unsuccessfully employed in the *Wartluft*

---

[1] Attorney Schreiber is not admitted to practice before this Court, and has failed to seek *pro hac vice* admission in either *Wartluft* or *Dobson*. Attorney Schreiber's refusal to gain proper admission and permission to practice before this Court renders his unilateral attempts to dictate the time, duration, and terms of depositions conducted pursuant to subpoenas issuing from this Court egregiously improper.

PHC deposition matter. On December 27, 2017, I advised Attorney Schreiber that I had just returned to the office from the Christmas holiday and that the proposed date of December 28 was unacceptable. (Ex. "4".) I also rejected his improper attempt to limit the topics to be examined, and confirmed that the deposition would be subject to the applicable rules of discovery and Judge Carlson's prior ruling in *Wartluft* concerning relevant PHC issues. I specifically requested that Attorney Schreiber advise of Fouad's alleged travel plans to Tokyo, Japan, and that he provide alternative dates when PHC's corporate representative would be available for deposition after January 5. However, he failed to do so.

After receiving no response from Attorney Schreiber, on November 16, 2018, I wrote to him again, requesting to schedule PHC's deposition pursuant to the outstanding and duly served subpoena. (Ex. "5".) On November 21, 2018, Attorney Schreiber responded, resorting to the same disingenuous discovery obstruction tactics that this Court has already rejected in the *Wartluft* matter, demanding, *inter alia*, that the deposition be limited to two hours, and conducted only in his Manhattan, New York, office. (Ex. "6".)[2]

Attorney Schreiber's attempts to obstruct discovery and unilaterally impose arbitrary conditions upon the duration, substance, and location of PHC's deposition

---

[2] In *Wartluft*, after PHC sent a woefully deficient Rule 30(b)(6) witness, Michael Kronenberg, to be deposed at the Blue Bell, Pennsylvania offices of Defendants' counsel, Defendants filed a Motion to Compel a proper corporate representative. *Wartluft* (Doc. 60.) Judge Carlson granted Defendants' Motion in a Memorandum Opinion and Order dated October 19, 2017. *Wartluft* (Doc. 95). In its Memorandum Opinion and Order, the Court held that, contrary to PHC's baseless contentions, the Notice of Deposition topics were properly noticed, and that it had "little difficulty in finding" that an examination of PHC is a "relevant, proper line of inquiry." (*Id.* at 15-16.)

Following the Court's Memorandum Opinion and Order, PHC then again attempted to obfuscate and frustrate the PHC deposition by demanding that the deposition take place in New York, <u>just as Attorney Schreiber again improperly demands here</u>. His improper and baseless demands required Judge Carlson to conduct a telephone conference, after which he entered another Order directing PHC to appear at its registered address for the deposition at Dilworth Paxson, LLP, 1500 Market Street, Philadelphia, PA 19102. *Wartluft* (Doc. 101.) Fouad and Attorney Schreiber both subsequently appeared in Philadelphia at PHC's registered corporate address and submitted to examination by Defendants' counsel on November 27, 2017.

is highly improper, and must be rejected by this Court. This case is an independently filed action involving a different party, Plaintiff, with whom PHC has had involvement independent of the *Wartluft* litigants. Defendants are entitled to examine the nature of these dealings, and to conduct discovery into relevant matters as to PHC. *See* Fed. R. Civ. P. 26(b)(1). Like the claims brought on behalf of the minor plaintiff (AB) in *Wartluft*, PHC has an established connection to the Plaintiff in this case, and Defendants are entitled to specifically examine the nature of PHC's involvement with this litigant, and with the allegations of this Amended Complaint.

Attorney Schreiber has never filed a Motion seeking to quash the subject subpoena, nor has he sought a protective order concerning any potential topics to be explored during the subpoena. Any such objections have now been long waived.

Accordingly, PHC should be directed to appear for its deposition at its registered address in Philadelphia, PA, within fourteen days.[3] *See* Fed. R. Civ. P. 45(c). Defendants are available and prepared to engage in any conference or proceedings this Court deems appropriate to resolve this matter.

Thank you for your kind attention and assistance.

Respectfully submitted,

*/s/ Jarad W. Handelman*

Jarad W. Handelman, Esq.
(PA 82629)

Enclosures

cc:   Kyle M. Elliott, Esquire (*via ECF*)
      Matthew B. Weisberg, Esquire (*via ECF*)
      Jeffrey Schreiber, Esquire (*via Email and First Class U.S. Mail*)

---

[3] The Dilworth firm has withdrawn its representation of Plaintiff. Should the Dilworth firm be unwilling to allow Defendants to depose PHC at its registered address, the same address where it was deposed in the *Wartluft* action, Defendants will make other arrangements to conduct the deposition in Philadelphia, PA.