

Jeffrey Schreiber
Partner
Direct (212) 655-3554
Fax (646) 539-3654
js@msf-law.com

December 28, 2018

**VIA ECF**
Chief Judge Christopher C. Conner
U.S. District Court Middle District of Pennsylvania
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17108-0983

Re:   *Dobson v. The Milton Hershey School, et al.,*
      *Civil Action No. 1:16-cv-01958-CCC (M.D. Pa.)*

Dear Judge Conner:

I represent non-party witness Protect The Hersheys' Children, Inc. ("PHC") in the above-referenced matter. I have previously written to the Court, on December 7, 2018, regarding Defendants' demand that PHC produce its President, F. Frederic Fouad, Esq., who lives and works in New York City (except when he is in Japan, where he is an Adjunct Professor at the Beasley School of Law's Tokyo campus for the Spring Semester every year), for a deposition in this matter in Philadelphia. This is even though Defendants already deposed Mr. Fouad on behalf of PHC for seven hours in the companion action pending in this Court that is styled and captioned *Julie Ellen Wartluft, et al., v. The Milton Hershey School, et al., Civil Action No. 1:16-cv-2145-CCC* on all the topics as to which Mr. Fouad and PHC have personal knowledge. (My December 7, 2018 letter, which, with its enclosures, provided the Court with detailed, by page and line, transcript references demonstrating the duplication is attached hereto as **Exhibit A**.)

My letter here responds to correspondence addressed to Your Honor dated December 13, 2018 by counsel for The Milton Hershey School *et al.* (collectively, "MHS").[1]

At the outset, I note that in his December 13 letter, MHS's counsel accused me of making alleged misrepresentations to the Court in my December 7 letter. Because I was unaware that my letter contained any such misrepresentations, I immediately emailed counsel and asked him to identify what counsel claimed were the purported misrepresentations, so that I could take appropriate action and correct them for the Court. Although more than two weeks have transpired since my email request, counsel — who regrettably appears to be perfectly comfortable making such scurrilous accusations without basis — has not identified any alleged misrepresentations,

---

[1] I applied earlier this week for *pro hac vice* admission, under the Court's Local Rules, to represent PHC together with Mr. Fouad, who also so applied. Mr. Fouad had earlier entered an appearance on behalf of PHC in the *Wartluft,* matter, as this Court is aware.

obviously because there are none.  (A copy of my December 13 email to counsel is attached hereto as **Exhibit B**.)

I point this out because, unfortunately, this baseless allegation against me highlights an unseemly pattern on the part of MHS and its counsel in these matters; *i.e.*, they have repeatedly resorted to lodging unfounded charges against myself and my clients, and to making *ad hominem* attacks impugning our character, honesty, and integrity.[2]  When these unseemly comments have been directed solely to me, I have simply chalked them up to being merely unprofessional and dismiss them because they say more about the lawyer choosing to practice in this manner than anything else.  But when counsel chooses routinely to make these demonstrably false statements about me and my clients to Courts — while those charges speak volumes about the lawyer making them — the comments require a response.  Thus, although I regret having to do so, I must bring counsel's failure to support his baseless allegations to this Court's attention.

Indeed, counsel's pot-calling-the-teakettle-black tactics reveal significantly more about the pot than the teakettle here, as set forth in my December 7 letter and its enclosures.  For example, this same counsel wrote a letter to the Hon. Richard J. Sullivan of the Southern District of New York that Judge Sullivan noted appeared to make counsel's representations to Judge Sullivan on the record and in open court false and sanctionable.

Counsel had appeared before Judge Sullivan on Mr. Fouad's motion in the Southern District to quash an individual subpoena served on Mr. Fouad in this matter.  When the parties appeared before Judge Sullivan, Defendant's counsel's attempted to avoid a decision by Judge Sullivan on the motion by representing to the Court that Defendants were withdrawing the individual subpoena, arguing that if Mr. Fouad appeared and testified at his deposition on behalf of PHC in the *Wartluft* matter, it would obviate the need for the subpoena Defendants served on Mr. Fouad, in his individual capacity, in *Dobson*.[3]  After Judge Sullivan issued an Order based, in part, on that representation, counsel wrote to Judge Sullivan and attempted to backtrack from counsel's open-court representation to Judge Sullivan, which is what caused Judge Sullivan to note that counsel's representations to the Court appeared to be intentionally and sanctionably false.

As for the merits of counsel's latest demand that Mr. Fouad be ordered by this Court to submit to another 30(b)(6) deposition — again ostensibly as PHC's corporate designee and despite counsel's representation to Judge Sullivan that Mr. Fouad's testimony on behalf of PHC in *Wartluft* would obviate the need for any additional testimony from Mr. Fouad in *Dobson* — and counsel's demand that this Court also order Mr. Fouad to again travel from his home in New York City to

---

[2] Defendants and their counsel have engaged in a similar pattern throughout this, the *Wartluft,* and other matters, in which they claim that anyone who takes a position contrary to theirs are alleged joint participants in some grand "conspiracy" against MHS, including the venerable Dilworth Paxson law firm, the *Philadelphia Inquirer,* an attorney at Royer, Cooper, Cohen, Braunfield LLC, and, according to what I have been told, even the Pennsylvania Human Relations Commission. *See, e.g.,* 61 79.  These preposterous charges have created a sideshow that distracts from the relatively straightforward core issues in these proceedings; *i.e.,* the Defendants' alleged mistreatment of two former MHS students entrusted to their care.

[3] Notably, that position is directly contrary to the position Defendants' asserted when counsel first wrote to the Court regarding this matter on December 5, 2018.

Philadelphia for the deposition, I addressed those contentions in detail in my December 7 letter. Notably, counsel's entire response consists solely of baseless *ad hominem* attacks and does not respond at all to the substance of my December 7 letter, in which I addressed the substance of Defendants' claims in detail and demonstrated that: (1) the testimony sought would be duplicative and unnecessary; and (2) the law does not support Defendants' demand that Mr. Fouad —to the extent that he could even be compelled to testify again — should be forced to travel hours away from where he lives and works, for the convenience of Defendants and their counsel.

Indeed, counsel's December 13 letter merely demonstrates the degree to which Defendants and their counsel are committed to using their liberal discovery rights in this and the *Wartluft* cases wrongfully and deliberately to subject PHC, Mr. Fouad, and even PHC's webmaster to the burden of responding to harassing, expensive, and exhaustive discovery demands that are intentionally calculated to cause maximum burden and inconvenience to these non-parties — and to these non-parties alone — over the last 18 months. This has already included two full-day depositions of PHC directors, a deposition of PHC's webmaster, and production of thousands of pages of documents, all at great expense and inconvenience to a tiny nonprofit and its fully-volunteer directors and webmaster. Further, after having obtained all of this exhaustive discovery, Defendants themselves exposed the utter waste of resources involved when they told the Court in their June 22, 2018 summary judgment motion (158) that neither PHC nor Mr. Fouad had any evidence at all to support the *Wartluft* Defendants' claims; *i.e.,* Defendants conceded in their motion what PHC and Mr. Fouad (and the *Wartluft* Plaintiffs) have said all along, which is that these non-party witnesses are complete strangers to these cases and have been improperly dragged into the proceedings as part of MHS's ongoing vendetta against them.

In sum, as set forth in my December 7 letter: (1) Defendants' desire for another bite at the discovery apple with Mr. Fouad is duplicative; (2) their demand that he travel to Philadelphia lacks any legal support and is improperly and intentionally harassing; (3) Defendants have themselves already conceded in their own summary judgement motion in the *Wartluft* case that neither PHC nor Mr. Fouad have any relevant evidence in these matters; (4) the inflammatory attacks by Defendants and their counsel are unseemly and baseless (including the latest allegation of misrepresentation directed at me); and (5) Defendants' constant effort to convert these relatively straightforward cases about two children who were allegedly mistreated by MHS into an inquisition on the conduct of PHC and Mr. Fouad (or Dilworth Paxson, the *Philadelphia Inquirer,* and others) is nothing more than a distracting sideshow.

Finally, while counsel continues to refer to Mr. Fouad's Japan travel itinerary as "alleged," Defendants and their counsel know perfectly well that my representation to the Court on this is, as a matter of course, completely accurate: Mr. Fouad is scheduled to fly to Tokyo on January 3rd to take up his spring semester teaching duties, as he does every year. Defendants' insinuations to the contrary only underscore their failure to adhere to basic rules of civility and decorum. I respectfully note this travel date because PHC and Mr. Fouad are constrained by it, as Defendants were fully aware when they sprang this 11th hour request on the Court, after having waited for *almost a full year* before acting on it at all. It is simply impossible not to conclude that Defendants' timing here was willful and another example of their deliberate attempt to keep using these proceedings as a cudgel in their vendetta against PHC and Mr. Fouad. I further respectfully submit that this conduct

*Hon. Christopher C. Connor, C.J.*
*Page 4*
*December 28, 2018*

should no longer be tolerated, that this latest instance of Defendants' abuses affords an opportunity for the Court to put an end to it and its attendant distractions. I would be happy to elaborate further on this if the Court wishes, whether by conference call or in related briefing.

Respectfully Submitted,

Jeffrey Schreiber

JS/mlm
Enclosures

cc: Matthew B. Weisberg, Esq. (*via ECF*)
    F. Frederic Fouad, Esq. (*via ECF*)
    Jarad W. Handelman, Esq. (*via ECF*)
    Kyle M. Elliot, Esq. (*via ECF*)