IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADAM DOBSON,** | : | CIVIL ACTION NO. 1:16-CV-1958 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **THE MILTON HERSHEY SCHOOL,** *et al.*, | : | |
| Defendants | : | |

# ORDER

AND NOW, this 4th day of January, 2019, it appearing that circumstances have arisen which require the parties to evaluate the continued participation of the undersigned judicial officer in the above-captioned case, to wit:

> the undersigned's son, Gregory B. Conner, Esquire, has recently commenced employment as an associate with the law firm of Elliot Greenleaf, P.C.; he has had no direct or indirect involvement in this lawsuit and has no equitable or other interest in its outcome; but principals and associates of Elliot Greenleaf, P.C., are counsel of record for both defendants in the above-captioned case,

and the court observing that Section 455 of Title 28 of the United States Code governs disqualification of a district court judge, with subsection 455(b) articulating grounds that mandate recusal even if the parties agree to waive disqualification, see 28 U.S.C. § 455(b), (e), and subsection 455(a) otherwise requiring disqualification "in any proceeding in which [the judge's] impartiality might reasonably be questioned," id. § 455(a), and the court further observing that none of the mandatory and non-waivable provisions of subsection 455(b)— concerning a judge's personal, financial, or familial interest in or involvement with the lawsuit itself, a party thereto, or the

subject matter thereof—apply in this case, but that subsection 455(a) does apply in that reasonable minds with knowledge of all relevant facts may have cause to question the undersigned's impartiality, and the court having requested a private advisory opinion from the Judicial Conference Committee on Codes of Conduct, which was issued by the Committee on December 21, 2018, and wherein the Committee concurs that the circumstances do not implicate the mandatory and non-waivable conflict of interest provisions of subsection 455(b), but that it nonetheless may be prudent, pursuant to subsections 455(a) and (e),[1] to allow counsel the opportunity to determine whether to waive the ostensible conflict, and the court thus concluding, in an abundance of caution, that the best and most appropriate course is to invoke the remittal procedures set forth at subsection 455(e), which states that when "the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification," 28 U.S.C. § 455(e), it is hereby ORDERED that:

1. Each party to the above-captioned case, or the party's representative, shall complete the attached Disqualification Disclosure Form on or before **Monday, January 21, 2019**. The form shall be sent directly to the Clerk of Court, Attn: Peter Welsh, Acting Clerk of Court, and **shall not** be sent to the undersigned (via electronic filing or otherwise) or to other counsel.

---

[1] The Committee is not authorized to render advisory opinions interpreting federal recusal statutes or the case law interpreting them. The Committee provided its guidance through the prism of Canon 3C of the Code of Conduct for United States Judges, which closely tracks the language of Section 455.

2. On or before **Friday, January 25, 2019**, the Clerk shall, without disclosing the position of any party, inform this court whether all parties have consented to participation by the undersigned in this case.

3. In the absence of waivers from all parties, the undersigned shall be disqualified from this proceeding and the matter will be reassigned to another judge of this court.

4. Confidentiality in this matter is assured. All responses to this order will be maintained by the Clerk of Court and will not be disclosed to the undersigned judicial officer, nor will the undersigned be informed of the identity of any party who declined to waive disqualification.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADAM DOBSON,** | : | **CIVIL ACTION NO. 1:16-CV-1958** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **THE MILTON HERSHEY SCHOOL**, *et al.*, | : | |
| **Defendants** | : | |

## DISQUALIFICATION DISCLOSURE FORM

I, the undersigned party to the above-captioned matter, having been fully informed and advised of the facts disclosed by court order dated January 4, 2019, between Chief Judge Conner's son and the law firm of Elliot Greenleaf, P.C., hereby knowingly

\_\_\_\_    consent

\_\_\_\_    do not consent

to Chief Judge Conner's continued participation in this matter.

_____    _____
Signature of Party or Party Representative           Date

_____    _____
Signature of Counsel                                 Date

*Note to Clerk of Court:*
**This form shall be filed in the above-captioned matter but shall be maintained as confidential.  If filed electronically, the form shall be filed in such a manner as to make it inaccessible to the court, to Chambers staff, and to other counsel. Do not supply a copy of this form to Chambers.**