**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ADAM DOBSON,<br><br>   Plaintiff,<br><br> v.<br><br>THE MILTON HERSHEY SCHOOL<br>AND SCHOOL TRUST, et al.<br><br>   Defendants. | Civil Action<br><br>No. 1:16-cv-01958-JEJ<br>(The Honorable John E. Jones) |

**MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS**

The Philadelphia Inquirer, PBC ("The Inquirer"), publisher of *The Philadelphia Inquirer*, seeks leave to intervene in the above-captioned case for the limited purpose of seeking an order unsealing judicial records in this matter, including the documents at docket entries 45, 46, 48, 54, 55, 59, 80, 82, 85, and 86. This Motion is made on the grounds that:

1. As a news organization, The Inquirer may intervene in this matter for the limited purpose of seeking an order unsealing court documents, including the sealed documents at docket entries 45, 46, 48, 54, 55, 59, 80, 82, 85, and 86.

2. The Inquirer has a First Amendment right to access judicial records filed with the Court in this matter, including the sealed documents at docket entries 45, 46, 48, 54, 55, 59, 80, 82, 85, and 86, and said constitutional right is not overcome.

3.     The Inquirer has a common law right of access to judicial records

filed with the Court in this matter, including the sealed documents at docket entries

45, 46, 48, 54, 55, 59, 80, 82, 85, and 86, and said common law right is not

overcome.

4.     To the extent countervailing interests overcome The Inquirer's First

Amendment and common law rights of access to certain information in the judicial

records under seal in this matter, any sealing must be no broader than necessary to

serve those interests and must be supported by specific, on-the-record factual

findings.

This Motion is based on the concurrently filed Memorandum of Law in

Support of Motion to Intervene and Unseal Judicial Records, all pleadings, records,

and files in the above-captioned case, all matters of which the Court shall take

judicial notice, and on such argument as may be presented by counsel at any

hearing on this Motion.

Dated:  June 20, 2019                    Respectfully submitted,


By: */s/ Michael Berry*
Michael Berry
BALLARD SPAHR, LLP
berrym@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 988-9773
Facsimile: (215) 864-8999

*Katie Townsend

*Jennifer Nelson
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org

*Pro Hac Vice Application Pending

Counsel for Proposed Intervenor
The Philadelphia Inquirer, PBC

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULES**

I certify that co-counsel for The Inquirer, Katie Townsend of The Reporters Committee for Freedom of the Press, sought concurrence in this motion from each party, as required by L.R. 7.1, as follows:

On May 24, 2019, Ms. Townsend contacted Matthew B. Weisberg, counsel for Adam Dobson, by telephone and e-mail.  On May 31, 2019 in response to a request from Mr. Weisberg, Ms. Townsend provided Mr. Weisberg with a list of docket entries corresponding to the records The Inquirer seeks to unseal.  Ms. Townsend followed up with Mr. Weisberg again via e-mail on June 14; Mr. Weisberg has not responded to that e-mail and has not yet provided The Inquirer with Plaintiff's position.

On June 17, 2019, Ms. Townsend contacted Jarad W. Handelman, Christine M. Wechsler, and Kyle M. Elliott, counsel for The Milton Hershey School and School Trust, the Milton Hershey School Trust, and the Board of Managers of the Milton Hershey School, who responded that they do not concur in this Motion.

On June 19, 2019, Ms. Townsend contacted F. Frederic Fouad and Jeff Schreiber, counsel for Protect The Hersheys' Children, Inc., who consented to this motion and the requested unsealing.

*/s/ Michael Berry*
Michael Berry