## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADAM DOBSON,          :        Civil No. 1:16-CV-1958
:
    **Plaintiff,**             :
:        **(Judge Jones)**
    **v.**                 :
:        **(Magistrate Judge Carlson)**
THE MILTON HERSHEY SCHOOL  :
AND SCHOOL TRUST, et al.,      :
:
    **Defendants.**         :

## MEMORANDUM OPINION[1]

## I.    Introduction

This case is one of several cases filed against the Milton Hershey School ("MHS") that alleges a policy of expulsion of students due to mental health issues. The plaintiff, Adam Dobson, a former MHS student, filed this lawsuit in 2016 and

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), this court, as a United States Magistrate Judge, is authorized to rule upon motions by intervenors to unseal certain court records. Parson v. Farley, 352 F. Supp. 3d 1141, 1145 (N.D. Okla. 2018), aff'd, No. 16-CV-423-JED-JFJ, 2018 WL 6333562 (N.D. Okla. Nov. 27, 2018). We note for the parties that under 28 U.S.C. § 636(b)(1)(A) the parties may seek review of this order by filing a motion to reconsider with the district court since: "A judge of the [district] court may reconsider any . . . matter [decided under this subparagraph] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

alleged that he was expelled from MHS after he was hospitalized twice for mental health issues. It is alleged that MHS has an informal "two-hospitalization" policy, whereby the school expels students who are hospitalized more than once in outside facilities for mental health issues.

While the parties continue to litigate the merits of the plaintiff's claims, we are now called upon to resolve a collateral dispute—a motion to intervene filed by The Philadelphia Inquirer, PBC ("The Inquirer"). The Inquirer seeks to intervene for the limited purpose of unsealing a number of documents in this case that have been filed under seal pursuant to protective orders entered by this court. The Inquirer argues that the public has a right of access to these documents, given the allegations against MHS. For their part, the defendants assert that these documents are discovery materials and should remain sealed, as there is good cause for the protection of these documents.

After consideration, while we concede that there is a strong public interest in this case, we also agree that there is good cause for the continued protection of these documents. In particular, we note that the records at issue in this case related to a discovery dispute, specifically the alleged inappropriate disclosure of discovery material. These discovery documents enjoy greater protection from public disclosure and are only tangentially related to the merits issues in this litigation, which are questions of broader public interest. Moreover, since the underlying issue that was

addressed by the court involved alleged inappropriate disclosure of discovery material, public disclosure of this information would defeat the significant interests served by the sealing order, since it would arguably highlight and place a lantern upon questions of improper disclosure of discovery information, a matter which the court has correctly concluded was best addressed discretely with the parties. Accordingly, we will grant The Inquirer's motion to intervene but deny The Inquirer's request to unseal these particular documents.

## II. Discussion

### A. The Inquirer Will Be Permitted to Intervene for the Limited Purpose of Challenging the Sealed Records.

The Inquirer has moved to intervene in this case under Federal Rule of Civil Procedure 24 for the limited purpose of unsealing certain records which it claims the public is entitled to, given the allegations against MHS in this case. On this score, it is well-settled that under Rule 24,

> "On timely motion, the court *may* permit anyone to intervene who: ... has a claim or defense that shares with the main action a common question of law or fact...." Fed. R. Civ. P. 24(b)(1) (emphasis added). Rule 24(b) further provides that, when a court exercises its discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). In exercising its discretion, the court should consider various factors, including whether the proposed intervenors will add anything to the litigation and whether the proposed intervenors' interests are already adequately represented in the litigation. Hoots, 672 F.2d at 1136.

Benjamin v. Dep't of Pub. Welfare of Cmwlth., 267 F.R.D. 456, 464–65 (M.D. Pa. 2010), aff'd sub nom. Benjamin v. Dep't of Pub. Welfare of Pa., 432 F. App'x 94 (3d Cir. 2011).

As the text of Rule 24(b) implies, decisions regarding requests for permissive intervention rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Hoots v. Com. of Pa., 672 F.2d 1133, 1135 (3d Cir. 1982). By its terms Rule 24(b) provides that: "On timely motion, the court may permit anyone to intervene who: ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Thus, Rule 24(b), "lists three requirements for permissive intervention: (1) 'timely application'; (2) 'a question of law or fact in common' between the 'applicant's claim or defense and the main action'; (3) a determination that the intervention will not 'unduly delay or prejudice the adjudication of the rights of the original parties.' " United States v. Columbia Pictures Indus., Inc., 88 F.R.D. 186, 189 (S.D.N.Y. 1980). Moreover, it is well-settled that a third party may be permitted to intervene for the limited purpose of unsealing records or challenging an existing protective order. See United States v. Wecht, 484 F.3d 194, 199 n.4 (3d Cir. 2007); Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 167 (3d Cir. 1993); Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 657 (3d Cir. 1991); Littlejohn v. Bic Corp., 851 F.2d 673, 677-78 (3d Cir. 1988).

Here, the defendants challenge The Inquirer's motion to intervene, arguing that it is not timely filed. They contend that The Inquirer has been following this case since its inception, and that it knew of the sealing of these records since at least 2017 but did not move to intervene until June 2019. However, the Third Circuit has held that "[t]he mere passage of time . . . does not render an application untimely." Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995) (citations omitted). Rather, a court must look at the totality of the circumstances, considering "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." Id. (citing In re Fine Paper Antitrust Litigation, 695 F.2d 494, 500 (3d Cir. 1982)).

In this regard, the defendants do not argue that there will be any excessive delay if The Inquirer is permitted to intervene. Indeed, whether these records remain sealed is a collateral matter that should not result in any delay in the litigation of the underlying merits of this case.[2] Rather, the defendants contend that they will be prejudiced if the records The Inquirer seeks to have unsealed are in fact unsealed, given the content of those records. However, this argument is more appropriately tailored to the question of whether the records should be unsealed, and whether

---

[2] We note that the parties are currently completing discovery in this case and are scheduled to submit potentially dispositive motions in December of 2019. Therefore, this is not an instance where a motion to intervene and unseal court records is made on the eve of trial or directly interferes with on-going court proceedings.

information should be redacted from specific documents. Thus contention, therefore, does not directly speak to the question of whether The Inquirer may intervene to challenge the sealing of these records. Accordingly, when we consider the totality of the circumstances, we find that there would be no undue delay as a result of permitting The Inquirer to intervene. We also find that the Inquirer's motion to intervene is not so delinquent that it should be denied out of hand. Finally, while we recognize Milton Hershey's potential concern regarding prejudice that may result from specific disclosures, we believe that this concern can and should be addressed through an individualized assessment of specific documents, rather than through the wholesale denial of this motion to intervene. Accordingly, the motion to intervene will be granted.

### B. <u>**The Documents Requested By The Inquirer Should Remain Sealed.**</u>

While we will grant The Inquirer's motion to intervene, we conclude on the unique facts of this case that these particular records should remain sealed. As we have explained, The Inquirer seeks to have multiple docket entries in this case unsealed and argues that the public has a right to access these documents, particularly given the nature of the allegations against the defendants. On the other hand, the defendants contend that these documents, which contain confidential discovery materials, were sealed pursuant to protective orders entered by this court and should remain sealed, as there is good cause for the continued protection of these

documents. Specifically, the defendants argue that these documents were sealed in response to the alleged improper leaking of discovery materials to media outlets, as well as extrajudicial statements allegedly made by the plaintiff's former counsel to the media.

After consideration, we agree with the defendants that the district court correctly concluded that there was good cause for the continued protection of these documents. Accordingly, we will deny The Inquirer's request to unseal these documents.

**(1) <u>Standards Governing an Intervenor's Access to Sealed Court Documents</u>**

The Court of Appeals has recently articulated the different standards governing challenges to the confidentiality of documents. On this score, the Court stated:

> We apply three distinct standards when considering various challenges to the confidentiality of documents. We apply the factors articulated in <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 783–92 (3d Cir. 1994), when we review orders preserving the confidentiality of discovery materials pursuant to Federal Rule of Civil Procedure 26. But we apply the more rigorous common law right of access when discovery materials are filed as court documents. In addition to recognizing fewer reasons to justify the sealing of court records, the public right of access—unlike a Rule 26 inquiry—begins with a presumption in favor of public access. <u>Goldstein v. Forbes</u> (<u>In re Cendant Corp.</u>), 260 F.3d 183, 192–93 (3d Cir. 2001). Finally, the First Amendment right of public access attaches to, *inter alia*, civil trials. <u>Publicker Indus., Inc. v. Cohen</u>, 733 F.2d 1059, 1061 (3d Cir. 1984).

In re Avandia Marketing, Sales Practices and Products Liability Litigation, 924 F.3d 662, 670 (3d Cir. 2019). Thus, the standard we apply, and the scrutiny various records receive, depends on the type of document that the third party is seeking.

## (a) Discovery Materials and Motions

Discovery materials can be shielded by the entry of a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure. In order to obtain a protective order, a party must establish "good cause" for the order, which requires "a showing that disclosure will work a clearly defined and serious injury to the party seeking [to prevent] disclosure. The injury must be shown with specificity." Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not establish good cause. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). In determining whether a party has established good cause for a protective order, courts must consider a number of factors. In Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994), the Third Circuit set forth a nonexhaustive list of factors to be considered:

> 1) whether disclosure will violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> 3) whether disclosure of the information will cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;

5) whether the sharing of information among litigants will promote fairness and efficiency;
6) whether a party benefitting from the order of confidentiality is a public entity or official; and
7) whether the case involves issues important to the public.

Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy, 23 F.3d at 787-91. The Pansy Court noted that in considering these factors, the district court's analysis "should always reflect a balancing of private versus public interests." Pansy, 23 F.3d at 789.

This analysis also applies to a situation in which a nonparty intervenor seeks to modify an existing confidentiality order and inspect documents filed under seal. Leucadia, 998 F.2d at 166. The party seeking to keep the documents confidential must make a showing in accordance with the criteria identified by the court in Pansy that good cause exists for continued protection of the documents. Id.

### (b) Common Law Right of Access

Additionally, it is well-settled that there is a longstanding common law public right of access to judicial proceedings, both criminal and civil, which includes the right to "inspect and copy public records and documents, including judicial records and documents." Leucadia, 998 F.2d at 161 (internal citations and quotations omitted). This right "antedates the Constitution," Bank of America Nat'l Trust and Savings Ass'n v. Hotel Rittenhouse Associates, 800 F.2d 339 (3d Cir. 1986), and "promotes public confidence in the judicial system by enhancing testimonial

9

trustworthiness and the quality of justice dispensed by the court." <u>Littlejohn</u>, 851 F.2d at 678. The right of the public to inspect court documents is dependent upon whether such documents are "judicial records," meaning that the record is "a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." <u>Avandia</u>, 924 F.3d at 672 (quoting <u>In re Cendant Corp.</u>, 260 F.3d at 192) (internal quotations omitted).

Once a document is determined to be a "judicial record," a presumption of public access applies. <u>In re Cendant Corp.</u>, 260 F.3d at 192-93. On this score, the Third Circuit has held that this presumptive right of access applies to "pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." <u>Id.</u> However, it does not apply to discovery motions and their supporting documents. <u>Leucadia</u>, 998 F.2d at 165. Moreover, the presumption may be rebutted if the party seeking protection can show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." <u>Avandia</u>, 924 F.3d at 672 (quoting <u>Miller v. Ind. Hosp.</u>, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotations omitted)).

### (c) <u>First Amendment</u>

Finally, there is a recognized constitutional right of access to civil proceedings under the First Amendment, including documents involved in those proceedings.

Publicker Indus., 733 F.2d at 1071. In determining whether the right of access applies, courts apply a two-prong test, asking: (1) "whether the place and process have historically been open to the press" (the "experience" prong), and (2) "whether public access plays a significant role in the functioning of the particular process in question" (the "logic" prong). N. Jersey Media Group Inc. v. United States, 836 F.3d 421, 429 (3d Cir. 2016) (quoting PG Pub. Co. v. Aichele, 705 F.3d 91, 103 (3d Cir. 2013) (internal quotations omitted)). If both prongs are met, the First Amendment right of access presumptively applies, and this presumption will only be rebutted by a showing of "an overriding interest [in excluding the public] based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Avandia, 924 F.3d at 673 (quoting Publicker Indus., 733 F.2d at 1073)).

It is against these legal benchmarks that we now assess the merits of The Inquirer's request to unseal certain documents in this case.

### (2) The Requested Documents Should Remain Sealed.

As we have noted, The Inquirer seeks to have several documents in this case unsealed—docket entries 45, 46, 48, 54, 55, 59, 80, 82, 85 and 86. The Inquirer asserts that these documents are "judicial records" and thus fall within the public's common law right of access. Alternatively, The Inquirer claims that, if these documents are considered discovery materials, the defendants have not shown good cause for the continued protection of these documents.

11

On both scores, we disagree.

The sealed records in this case relate exclusively to a discovery dispute between the parties, a discovery dispute which highlights why discovery materials are typically treated as private and not presumptively subject to public disclosure. At bottom, these records involve a dispute between the parties regarding whether discovery information was being improperly disseminated in a fashion which was unduly prejudicial. The district court discretely addressed and resolved this issue in a fashion which avoided further potentially prejudicial disclosure of discovery matters.

Given this backdrop, at the outset, we note that these documents, in our view, do not qualify as "judicial records" subject to the public right of access or the First Amendment. Rather, the documents sought by The Inquirer include a motion to file documents under seal and the plaintiff's opposition (Docs. 45, 54); a motion for a protective order and accompanying documents, as well as the plaintiff's opposition (Docs. 46, 48, 55, 59); a second motion for a protective order and to file the motion under seal, along with the plaintiff's opposition (Docs. 80, 82, 85); and this court's March 12, 2018 order granting the defendants' second motion for a protective order in part. (Doc. 86). The defendants' requests for these protective orders arose after the plaintiff's previous attorney allegedly disclosed discovery and other confidential information to the media. (Doc. 163, at 21). Thus, in our view, these records qualify

as discovery documents and as such are subject to Rule 26 of the Federal Rules of Civil Procedure and the <u>Pansy</u> factors set forth above, rather than the common law right of access. <u>Leucadia</u>, 998 F.2d at 166.

The factors prescribed by <u>Pansy</u> and its progeny are fact-specific and fact-dependent, strongly suggesting that any objections to the disclosure of information should be tailored to the facts of the case. In addition, it has been frequently underscored that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not establish good cause to keep records under seal. <u>Cipollone v. Liggett Group, Inc.</u>, 785 F.2d 1108, 1121 (3d Cir. 1986). Thus, the analytical paradigm established by the courts contemplates a specific factually-driven assessment of the prejudice that may flow from disclosure of individual records. Several other factors caution in favor of a fact-specific analysis of requests to unseal court documents. Indeed, it has been held that the court "err[s] by not conducting a document-by-document review." <u>Avandia</u>, 924 F.3d at 677. Moreover, when faced with an objection to an existing protective order, "continued sealing must be based on '*current evidence* to show how public dissemination of the pertinent materials now would cause the [] harm [they] claim.'" <u>In re Cendant Corp.</u>, 260 F.3d at 196 (quoting <u>Leucadia</u>, 998 F.2d at 167)

In this case, weighing the assertions of the parties against the multi-facetted test prescribed by the Court in <u>Pansy</u>, we find that while the merits issues in this case

involve issues of importance to the public, this intramural squabble between the parties regarding the alleged improper disclosure of discovery material some two years ago is, at most, only tangentially related to these matters of public interest. Moreover, we find that there is good cause for the requested documents to remain sealed. In the instant case, the defendants sought a protective order governing all documents and information obtained in discovery after the plaintiff's previous counsel allegedly leaked confidential information to the media. The defendants were permitted to file this motion and supporting papers under seal pursuant to Chief Judge Conner's September 26, 2017 order, which was entered after a telephone conference with the parties. (Doc. 71). Thereafter, the parties entered into a joint stipulated protective order. (Doc. 75). Thus, it is apparent that Judge Conner carefully considered the countervailing legal interests and determined in this instance there was good cause for sealing these particular documents based on the parties' briefs and subsequent telephone conference.

The defendants then sought a second protective order in February 2018 (Doc. 80-1), and the motion and supporting brief and exhibits were filed under seal pursuant to Chief Judge Conner's February 5, 2018 order. (Doc. 81). The defendants sought this protective order after plaintiff's counsel allegedly made extrajudicial statements to media outlets about the instant case. (Doc. 163, at 12). After a consideration of both parties' contentions, Judge Conner entered a sealed order that

granted the defendants' motion for a protective order in part, noting the applicable legal standards for restricting a party's speech, which include the risk of prejudice of extrajudicial statements made by counsel in a "high profile case," and directing that all counsel be precluded from making extrajudicial statements concerning certain aspects of the ongoing case. (Doc. 86).

Again, it is apparent that Judge Conner carefully considered the countervailing legal interests and determined that there was good cause for sealing these particular documents, including the order that granted in part the defendants' second motion for a protective order. Accordingly, because these documents were sealed based upon separate and specific decisions by Chief Judge Conner, we will not disturb these findings. We note that if either party wished to challenge the sealing of these documents, the more appropriate course of action would have been to have filed a motion to reconsider these specific rulings.

In sum, the documents requested by The Inquirer related to what is now a year-old discovery dispute between the parties, were sealed and subject to carefully conceived protective orders entered by the court, and the defendants have met their burden to show continued justification for the sealing of these particular documents.

Thus, we will deny The Inquirer's request to unseal Documents 45, 46, 48, 54, 55, 59, 80, 82, 85 and 86.[3]

An appropriate order follows.

---

[3] We note that this is one of two such motions to intervene which we have been asked to address in this and the related case of <u>Wartluft v. Milton Hershey School</u>,1:16-CV-2145. In <u>Dobson</u> we have denied the request to unseal while in <u>Wartluft</u> we have provisionally granted this request. We emphasize for the parties and the intervenor that these differing outcomes are a result of our individualized assessment of these motions, which arise in different factual contexts, involve documents which have very different characters as either judicial records or discovery documents, and as to which the factual showing of the need for continued sealing was very different.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM DOBSON, | : | Civil No. 1:16-CV-1958 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| THE MILTON HERSHEY SCHOOL | : | |
| AND SCHOOL TRUST, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Accordingly, for the reasons set forth in the accompanying Memorandum Opinion, IT IS ORDERED THAT The Inquirer's motion (Doc. 153) be GRANTED IN PART AND DENIED IN PART as follows:

1. The Inquirer's motion to intervene is GRANTED.

2. The motion is DENIED, in that Documents 45, 46, 48, 54, 55, 59, 80, 82, 85 and 86 will remain sealed.

So ordered this 22d day of October 2019.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge