# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM DOBSON,<br><br>      Plaintiff,<br><br>  v.<br><br>THE MILTON HERSHEY SCHOOL AND SCHOOL TRUST, et al.<br><br>      Defendants. | Civil Action<br><br>No. 1:16-cv-01958-JEJ<br>(The Honorable John E. Jones) |

## INTERVENOR THE PHILADELPHIA INQUIRER'S MEMORANDUM OF LAW IN SUPPORT OF STATEMENT OF APPEAL

Katie Townsend (*pro hac vice*)
Jennifer Nelson (*pro hac vice*)
 THE REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org
jnelson@rcfp.org

Michael Berry
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: 215.988.9773
Facsimile: 215.864.8999
berrym@ballardspahr.com

*Counsel for Intervenor*
*The Philadelphia Inquirer, PBC*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii
PRELIMINARY STATEMENT ............................................................................ 1
BACKGROUND AND PROCEDURAL HISTORY............................................. 2
STANDARD OF REVIEW .................................................................................... 4
ARGUMENT........................................................................................................... 5
   I.   The Order Erroneously Concludes that the Sealed Records Are Not "Judicial Records" Subject to Either the Common Law or First Amendment Right of Access....................................................................................................................... 5
      A.  The Sealed Order. ...................................................................................... 7
      B.  The Sealed Motions for Protective Orders and Motions to Seal. .................... 8
II.   Even Assuming the Rule 26 "Good Cause" Standard Applies, the Order Fails to Apply the *Pansy* Factors or Evaluate the Need for Continued Sealing on a Document-by-Document Basis. .................................................................................. 9
III.   Even if Continued Sealing is Justified, the Order Fails to Consider Alternatives to Wholesale Sealing of All the Sealed Records. ............................... 12
CONCLUSION..................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989) ........................................ 13
*Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*,
　800 F.2d 339 (3d Cir. 1986) ............................................................................ 6, 7, 8
*Brown v. Astrue*, 649 F.3d 193 (3d Cir. 2011) .............................................................. 4
*Ganski v. Wolff*, 2014 WL 4897008 (E.D. Pa. Sept. 30, 2014) ................................ 7
*Glenmede Tr. Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995) ............................ 9, 10
*Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982) ............................. 12
*Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346 (7th Cir. 2006) .................. 7
*In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*,
　924 F.3d 662 (3d Cir. 2019) .................................................................................. 5
*In re Cendant Corp.*, 260 F.3d 183 (3d Cir. 2001) ..................................................... 8
*Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*,
　998 F.2d 157 (3d Cir. 1993) ................................................................. 6, 10, 11, 12
*Littlejohn v. Bic Corp.*, 851 F.2d 673 (3d Cir. 1988) .................................................. 7
*Miller v. Indiana Hospital*, 16 F.3d 549 (3d Cir. 1994) ....................................... 8, 13
*N. Jersey Media Grp. v. United States*, 836 F.3d 421 (3d Cir. 2016) .................. 6, 8
*Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) ..................... 1, 9, 10
*Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653 (3d Cir. 1991) ......... 6, 8, 10
*Press-Enter Co. v. Super. Ct.*, 478 U.S. 1 (1986) ....................................................... 6
*Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501 (1984) ......................................... 12, 13
*Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984) ............................ 7, 9
*Shingara v. Skiles,* 420 F.3d 301 (3d Cir. 2005) .................................................. 1, 11
*Zavala v. Wal-Mart Corp.*, 2007 WL 2688934 (D.N.J. Sept. 12, 2017) ................ 13

**Statutes**

28 U.S.C.§ 636(b)(1) ..................................................................................................... 4

**Rules**

Fed. R. Civ. P. 72(b)(3) .............................................................................................. 4, 5

## **PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 72, 28 U.S.C. § 636(b), and Local Rule 72.2, Intervenor The Philadelphia Inquirer, PBC ("The Inquirer"), publisher of *The Philadelphia Inquirer*, respectfully objects to and requests reconsideration of the Magistrate Judge's October 22, 2019 Memorandum Opinion and Order, ECF No. 176 (the "Order"), denying The Inquirer's motion to unseal judicial records electronically docketed under seal as docket entries 45, 46, 48, 54, 55, 59, 80, 82, 85, and 86 (hereinafter the "Sealed Records"). That Order, attached as Exhibit A, should be reversed for the following reasons.

*First*, the Order erroneously concludes that all of the Sealed Records, including two motions to seal and an order entered by the Court, are not "judicial records" subject to either the common law or First Amendment right of access. *Second*, after mistakenly determining that the "good cause" standard of Federal Rule of Civil Procedure 26 governs the continued sealing of all the Sealed Records, the Order did not weigh any of the *Pansy* factors that district courts must consider before determining whether there is "good cause" for continued sealing. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787–91 (3d Cir. 1994). The Order compounded that error by considering all of the Sealed Records together, rather than individually as required under long-standing Third Circuit law. *Id.*; *see also Shingara v. Skiles,* 420 F.3d 301, 308 (3d Cir. 2005) (explaining that a court

1

should go through the "good cause" analysis on a document-by-document basis).

*Third*, even if Defendants did meet their burden to show, on a document-by-document basis, that continued sealing of each of the Sealed Records remains justified under applicable standards—which they did not—the Order did not consider whether redaction, rather than continued wholesale sealing, would serve those interests, as required by well-established precedent.

Accordingly, for the reasons set forth herein, The Inquirer respectfully requests that the Court reconsider and reverse the Order.

## **BACKGROUND AND PROCEDURAL HISTORY**

The above-captioned action arises out of allegations that the Milton Hershey School discriminated against Plaintiff Adam Dobson ("Plaintiff"), a former student at the school, on the basis of his depression. ECF 1. As detailed in The Inquirer's Motion to Intervene and Unseal, The Inquirer has reported extensively on these and other allegations of misconduct made against the Milton Hershey School and School Trust in this and similar pending lawsuits. ECF 153-1 at 2–3.

The Sealed Records at issue in this case are comprised of ten docket entries, including an order of the Court, which were sealed pursuant to two motions to file certain documents under seal. ECF 44, 79. Specifically, the Sealed Records consist of three categories of documents: (1) a motion to file documents under seal and Plaintiff's opposition, ECF 45, 54; (2) a motion for a protective order and

2

accompanying documents, along with Plaintiff's opposition, ECF 46, 48, 55, 59; and a second motion for a protective order and to file the motion under seal, along with Plaintiff's opposition, ECF 80, 82, 85; and (3) the Court's March 12, 2018 order granting Defendants' second motion for a protective order in part, ECF 86. *See* ECF 176 at 12.

On June 20, 2019, The Inquirer filed a motion to intervene and unseal the Sealed Records. ECF 153. Plaintiff did not oppose The Inquirer's motion. Defendants filed an opposition on July 12, 2019. ECF 163. On July 17, 2019, this Court referred The Inquirer's motion to the Magistrate Judge for resolution. ECF 164. The Inquirer filed its reply on July 26, 2019. ECF 165. Defendants filed a motion for leave to file a sur-reply on July 29, 2019, ECF 167; the Magistrate Judge granted that motion and permitted The Inquirer to file a sur-rebuttal. ECF 168. The Inquirer filed its sur-rebuttal on August 9, 2019. ECF 169. On October 22, 2019, the Magistrate Judge issued a Memorandum Opinion and Order granting The Inquirer's motion to intervene and denying its motion to unseal. ECF 176.

The Order held that the Sealed Records "do not qualify as 'judicial records' subject to the public right of access or the First Amendment" and are instead "discovery documents . . . subject to Rule 26 of the Federal Rules of Civil Procedure[.]" *Id.* at 12–13. Characterizing the Sealed Records as an "intramural squabble between the parties," the Order stated that the Sealed Records should

remain sealed even though they "involve issues of importance to the public." *Id.* at 14. The Order did not independently weigh the *Pansy* factors set forth by the Third Circuit for reviewing Rule 26 protective orders preserving the confidentiality of discovery materials, instead relying upon the "good cause" analysis conducted by the prior Judge presiding over the case when the Sealed Records were first filed in 2018. *See* ECF 176 at 14 ("[I]t is apparent that Judge Conner carefully considered the countervailing legal interests and determined in this instance there was good cause for sealing these particular documents based on the parties' briefs and subsequent telephone conference.").

The Inquirer now seeks reconsideration of the Magistrate Judge's Order. *See* Local Rule 72.2.

## **STANDARD OF REVIEW**

This Court must review "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). *See also* 28 U.S.C.§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (stating that "the standard district courts should apply to such objections is de novo."). "The district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

**I.     The Order Erroneously Concludes that the Sealed Records Are Not "Judicial Records" Subject to Either the Common Law or First Amendment Right of Access.**

The Sealed Records include (1) two motions to file documents under seal, (2) two motions for protective orders, and (3) an order of this Court granting in part Defendants' second motion for a protective order.  *See* ECF 176 at 12.  Characterizing these records as "relat[ing] exclusively to a discovery dispute between the parties" regarding an alleged "improper disclosure of discovery material," the Magistrate Judge concluded that none of these records qualify as "judicial records" subject to the common law or First Amendment presumptions of access.  *Id.* at 12, 14.  The Inquirer respectfully asserts that this ruling is incorrect and contrary to settled Third Circuit law.

The Third Circuit applies "three distinct standards" when considering challenges to the confidentiality of documents.  *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 670 (3d Cir. 2019).  The common law right of access attaches to *all* "judicial records," including all documents filed in connection with "pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Leucadia, Inc. v.*

5

*Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 164 (3d Cir. 1993); *see also Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344–45 (3d Cir. 1986); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 661 (3d Cir. 1991) (finding that the common law right of access attaches generally "to 'motions filed in [civil] court proceedings'") (citations omitted)). The public also enjoys a First Amendment right of access to documents that have "historically been open to the press and the general public" and where "public access plays a significant positive role in the functioning of the particular process in question." *Press-Enter Co. v. Super. Ct.*, 478 U.S. 1, 8 (1986). Finally, raw discovery materials and motions of a purely discovery nature, such as motions to compel, "stand[] on a different footing than does a motion filed by a party seeking action by the court," *Bank of Am.*, 800 F.2d at 343, and may be withheld from public disclosure on a showing of "good cause" pursuant to Federal Rule of Civil Procedure 26. *See N. Jersey Media Grp. v. United States*, 836 F.3d 421, 430 (3d Cir. 2016); *Leucadia*, 998 F.2d at 164–65.

  Characterizing the Sealed Records as an "intramural squabble between the parties" concerning the alleged improper disclosure of discovery material, the Order holds that the Sealed Records are all "discovery documents" subject to the Rule 26 "good cause" standard, rather than the common law or First Amendment

6

presumption of access to court records.  ECF 176 at 14.  But this holding impermissibly stretches the definition of "discovery documents."

### A.     The Sealed Order.

The continued sealing of an order entered by the Court, ECF 86, is plainly contrary to settled law.  There is a "strong public interest in the publication of judicial decisions" and a "compelling need for accurate reporting to the public of judicial decisions."  *Ganski v. Wolff*, 2014 WL 4897008 at *4 (E.D. Pa. Sept. 30, 2014); *see also Bank of Am.*, 800 F.2d at 344 ("the [district] court's . . . action on a motion [is a] matter [] which the public has a right to know about and evaluate").  Access to this sealed order is necessary for the public to assure the "quality of justice dispensed by the court."  *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).  Courts "'deliberate in private but issue public decisions after public arguments based on public records . . . [a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.'"  *Ganski*, 2014 WL 4897008 at *5 (quoting *Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)).[1]

---

[1]   Continued sealing of a court order also clearly implicates the First Amendment right of access.  *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984).  The Order does not address whether The Inquirer has a First Amendment right of access to the sealed court order.

7

Finally, the Order fails to appropriately weigh the particularly powerful public interest in this litigation, which involves allegations against a charitable school that is home to disadvantaged students from across Pennsylvania. Reporting on litigation involving such institutions and issues of public interest is critically necessary, even where some of the parties involved would prefer secrecy.

### B. The Sealed Motions for Protective Orders and Motions to Seal.

The Sealed Records include motions for protective orders and motions to seal judicial records—both of which implicate the public's right of access and have clear "adjudicatory significance." *See N. Jersey Media Grp.*, 836 F.3d at 435–36. That these motions are related to a discovery dispute does not remove them from the purview of the common law right of access. As Third Circuit precedent makes clear, any filing used by the court in "adjudicatory proceedings," including preliminary and non-dispositive proceedings, is a judicial record to which the common law right of access attaches. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001); *see also Bank of Am.*, 800 F.2d at 344–45; *Westinghouse*, 949 F.2d at 661. Further, public access to motions to seal and motions for protective orders—including the parties' arguments vis-à-vis "the countervailing interests to be protected" by sealing—are critical to providing the public with reasonable notice and "an opportunity for interested third parties to be heard." *Miller v. Indiana Hospital*, 16 F.3d 549, 551 (3d Cir. 1994).

8

**II.     Even Assuming the Rule 26 "Good Cause" Standard Applies, the Order Fails to Apply the *Pansy* Factors or Evaluate the Need for Continued Sealing on a Document-by-Document Basis.**

As detailed above, the Order should be reconsidered and reversed because it improperly categorizes all of the Sealed Records as "discovery documents" falling outside the scope of either the common law or First Amendment right of access. But even if this Court determines that the Order correctly concluded that some or all of the Sealed Records are "discovery documents," the Order should nonetheless be reversed because the Magistrate Judge failed to apply and weigh the *Pansy* factors, on a document-by-document basis, in evaluating whether there is "good cause" for their continued sealing.

"Good cause [under Rule 26] is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy*, 23 F.3d at 786 (quoting *Publicker*, 733 F.2d at 1071). To establish "good cause," the moving party must "specifically demonstrate[] that disclosure will cause a clearly defined and serious injury." *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing *Pansy*, 23 F.3d at 786). Factors a district court may consider when determining whether "good cause" justifies entry of a protective order under Rule 26(c) include: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether the disclosure of the information will cause a

9

party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Glenmede*, 56 F.3d at 483 (citing *Pansy*, 23 F.3d at 787–91).

Where parties have entered into a protective order covering material exchanged during pretrial discovery, the Third Circuit has held that a request to seal or unseal such discovery material that is filed in connection with a "discovery motion," such as a motion to compel, is evaluated by the same "good cause" standard. *Leucadia*, 998 F.2d at 164–66. But application of this rule is limited, and it requires district courts, "in the first instance," to "protect the legitimate public interest" in access to records filed with the court "from overly broad and unjustifiable protective orders agreed to by the parties for their self-interests." *Id*. at 161, 165.

Even to the extent that some of the Sealed Records contain discovery material properly subject to a protective order, "continued sealing must be based on '*current evidence* to show how public dissemination of the pertinent materials *now* would cause the . . . harm [they] claim[].'" *Leucadia*, 998 F.2d at 167 (quoting *Westinghouse*, 949 F.2d at 663) (emphasis added).

10

In this case, in opposing The Inquirer's motion, Defendants did not make any specific arguments about any of the documents individually to justify their sealing under the *Pansy* factors. Instead, in their opposition, they merely recited various state and federal laws protecting Personally Identifiable Information. ECF 163 at 18–19. They wholly failed to carry their burden, let alone to carry it on a document-by-document basis.

The Magistrate Judge, in turn, made this same error. The Order does not engage in an independent analysis and application of the *Pansy* factors to the Sealed Records, instead adopting the "separate and specific decisions" of the prior decision granting the motions to seal in the first instance. ECF 176 at 15. Nor does the Order evaluate whether "good cause" exists, on a document-by-document basis, to maintain the Sealed Records under seal. *Shingara*, 420 F.3d at 308.[2] In merely relying on conclusions reached by the previous Judge in 2018, the Order failed to fulfill its obligation to independently evaluate whether there is "current evidence" of harm that would result from public disclosure of the Sealed Records. *Leucadia*, 998 F.2d at 167. And, the public has no way to know why or on what bases the Court sealed these documents initially.

---

[2] A "document-by-document" analysis of whether "good cause" for sealing is met is preferable to a "sweeping umbrella approach" in actions, such as this one, that are "neither complex nor involve[] large-scale discovery." *Shingara*, 420 F.3d at 308.

11

Finally, the Order states that "if either party wished to challenge the sealing of these documents, the more appropriate course of action" to challenge such sealing "would have been to have filed a motion to reconsider these specific rulings." ECF 176 at 15.  But, members of the public, including members of the press, may intervene at any stage of litigation to vindicate the public's qualified rights of access to judicial proceedings and documents—rights that exist independent of any party's desire to keep proceedings sealed.  *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) ("[R]epresentatives of the press and general public must be given an opportunity to be heard on the question of their exclusion [from judicial proceedings.]" (internal marks and citation omitted)).  In light of the current motion to unseal, the Magistrate Judge was required to, but did not, evaluate whether "continued sealing" of the Sealed Records is justified.  *Leucadia*, 998 F.2d at 167.

### III. Even if Continued Sealing is Justified, the Order Fails to Consider Alternatives to Wholesale Sealing of All the Sealed Records.

If some continued sealing is required, the Order failed to consider reasonable alternatives to the wholesale sealing of all the Sealed Records at issue, such as redaction.  *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 513 (1984) ("*Press-Enterprise I*").  This is an error of law that requires reconsideration and reversal.

Where privacy concerns are asserted as a countervailing interest that overcomes the public's rights of access to court records, such concerns can—and

12

should—be addressed through limited sealing and redaction. *See Zavala v. Wal-Mart Corp.*, 2007 WL 2688934, at *10 (D.N.J. Sept. 12, 2017) (finding sealing appropriate only in cases in which "redaction would render the document meaningless"); *see also Press-Enterprise I*, 464 U.S. at 510.

Here, Defendants made no effort to identify which documents contain purportedly protected information and or explain why redaction would not address those concerns. ECF 163 at 18. Likewise, the Order is completely devoid of any discussion as to whether targeted redaction of information, such as Personally Identifiable Information, would be insufficient to protect whatever countervailing interests are at stake. *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 66 (4th Cir. 1989) (noting that alternatives to wholesale sealing "ordinarily involve[] disclosing some of the documents or giving access to a redacted version.").

Targeted redaction of such information—justified by on-the-record findings "concerning the effects of disclosure," *Miller*, 16 F.3d at 551—appears to be particularly appropriate here, where Plaintiff did not object to The Inquirer's efforts to unseal these records and has asserted no privacy interest in sealing.

## **CONCLUSION**

For the reasons set forth herein, The Inquirer respectfully requests that the Court reconsider and reverse the Opinion and Order of the Magistrate Judge.

13

November 5, 2019          Respectfully submitted,

*/s/ Katie Townsend*
Katie Townsend (*pro hac vice*)
Jennifer Nelson (*pro hac vice*)
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org
jnelson@rcfp.org

Michael Berry
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: 215.988.9773
Facsimile: 215.864.8999
berrym@ballardspahr.com

*Counsel for Intervenor*
*The Philadelphia Inquirer, PBC*

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.8(b)

This brief complies with the word count limitation of Local Rule 7.8(b) because it contains 3,092 words.

*/s/ Katie Townsend*
Katie Townsend