# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADAM DOBSON,** | : | Civil No. 1:16-CV-1958 |
| | : | |
| **Plaintiff,** | : | |
| | : | (Chief Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **THE MILTON HERSHEY SCHOOL** | : | |
| **AND SCHOOL TRUST, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM ORDER[1]

### I.   Introduction

The plaintiff, a former student at the Milton Hershey School ("MHS"), brought this lawsuit against MHS in 2016. This suit was ultimately dismissed when

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), this court, as a United States Magistrate Judge, is authorized to rule upon motions by intervenors to unseal certain court records. Parson v. Farley, 352 F. Supp. 3d 1141, 1145 (N.D. Okla. 2018), aff'd, No. 16-CV-423-JED-JFJ, 2018 WL 6333562 (N.D. Okla. Nov. 27, 2018). We note for the parties that under 28 U.S.C. § 636(b)(1)(A) the parties may seek review of this order by filing a motion to reconsider with the district court since: "A judge of the [district] court may reconsider any . . . matter [decided under this subparagraph] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

the district court granted the defendants' motion for summary judgment on May 6, 2020. (Doc. 222).

Throughout the course of the litigation, The Philadelphia Inquirer, PBC ("the Inquirer"), moved to intervene and sought to have a host of records in this case unsealed, and these motions were referred to the undersigned. We granted the Inquirer's motion to intervene but denied its request to unseal certain documents based on our view that there remained good cause for the continued sealing of these documents. (Doc. 176). The Inquirer filed objections to our order, and the district court remanded the matter, finding that unsealing the documents with redactions, rather than wholesale sealing of the documents, would strike an appropriate balance. (Doc. 193). In doing so, the district court advised the parties to work together to come to a resolution regarding the appropriate redactions. We held a telephone conference with the parties, during which the parties advised that there were only two narrow areas in which they could not agree on the appropriate redactions, and accordingly, we ordered the parties to submit letter briefs outlining their respective positions on the disputed redactions. (Docs. 216, 217).

After a review of the proposed redactions, and consistent with the district court's order, Documents 45, 46, 48, 54, 55, 59, 80, 82, 85, and 86 will be unsealed, subject to the very limited redactions that we will discuss below.

## II. Discussion

In our October 22, 2019 Memorandum Opinion (Doc. 176), we declined to unseal the disputed documents. We first found that these documents did not qualify as "judicial records," and thus, were not subject to a presumptive right of public access. (Id., at 12). Rather, we found that these documents fell into the category of discovery materials subject to the "good cause" standard under Rule 26 of the Federal Rules of Civil Procedure. See Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). We reasoned that:

> The sealed records in this case relate exclusively to a discovery dispute between the parties, a discovery dispute which highlights why discovery materials are typically treated as private and not presumptively subject to public disclosure. At bottom, these records involve a dispute between the parties regarding whether discovery information was being improperly disseminated in a fashion which was unduly prejudicial. The district court discretely addressed and resolved this issue in a fashion which avoided further potentially prejudicial disclosure of discovery matters.

(Doc. 176, at 12). We then conducted a document-by-document review and applied the Pansy factors,[2] and we found that there was good cause for the documents to remain sealed. (Id., at 14).

---

[2] The Court in Pansy set forth a non-exhaustive list of factors to consider when determining if there is good cause for a protective order under Rule 26, including: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote

Upon consideration of the Inquirer's objections to our order and relying on the Court of Appeals' decision in In re Avandia Marketing, Sales Practices and Products Liability Litigation, 924 F.3d 662 (3d Cir. 2019), the district court found that unsealing these documents with redactions, rather than wholesale sealing, would be the more appropriate course of action. (Doc. 193). Accordingly, the Court remanded the matter back to the undersigned to mediate a resolution of this matter between the parties. (Id., at 23-24). We ordered the parties to consult and confer regarding what information should remain redacted, and the parties have now narrowed their dispute to two sets of redactions: information that the defendants contend should be redacted pursuant to the Rule 26 good cause standard, and identifying information related to nonparties to this case, including MHS personnel. (Docs. 216, 217). In accordance with the district court's order, and after careful review of the proposed redactions, we will unseal these documents subject to the narrowly-tailored redactions set forth below.

At the outset, as we have explained, both the district court and the undersigned directed the parties to consult and confer to come to a resolution of this matter. To that end, the parties have agreed that two of the disputed documents should be

---

fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy, 23 F.3d at 787-91).

unsealed with no redactions. Accordingly, Documents 59 and 86 will be unsealed in their entirety. In addition, it appears that the parties have agreed upon a number of redactions within these disputed documents.[3] However, while the remaining eight documents will also be unsealed, the parties dispute the scope of the defendants' proposed redactions.

### A. Information Redacted Pursuant to the Rule 26 Good Cause Standard[4]

The defendants have submitted their proposed redactions to Documents 45, 46, 54, 55, 80, 82, and 85 *in camera*. For their part, the defendants contend that there is good cause to redact this information from these documents as the information relates to confidential discovery requests, is derived from leaked interrogatories or confidential attorney communications, contains information regarding settlement discussions, or involve prejudicial statements made by the plaintiff's former counsel. (Doc. 217-1). The Inquirer concedes that any information related to settlement discussions should be redacted, and also does not contest the redaction of Document 46, Exhibit 11. (Doc. 216, at 3 n. 1). However, the Inquirer contends that much of the redacted information has already been made public in newspaper articles concerning the case and in other filings in the case.

---

[3] The agreed upon redactions are set forth in black in the defendants' *in camera* submissions.

[4] These redactions are set forth in pink in the defendants' *in camera* submissions.

Our review of these redactions reveals that some of the information contained in these documents is, in fact, derived from or related to settlement discussions and attorney communications. On this score, the information that has been redacted by the defendants from Document 80, including exhibits 2 and 3, shall remain redacted. Exhibits 2 and 3 contain communications between counsel that not only relate to settlement discussions, but also to the underlying accusations of improper disclosure of discovery information. The remaining redactions in Document 80 relate to those same communications. Accordingly, Document 80 will be unsealed, but subject to the redactions proposed by the defendants. For the same reasons, the redactions proposed in Document 82 at pages 11-12 will similarly remain redacted.

Additionally, we will sustain the defendants' proposed redactions to Document 46 at exhibits 11 and 12. The Inquirer has conceded that it is not challenging the redaction of exhibit 11. (Doc. 216, at 3 n. 1). Moreover, exhibit 12 similarly contains confidential attorney communications. Accordingly, we will sustain the redactions to these documents.

As to the remainder of the defendants' proposed redactions pursuant to Rule 26, we find that redaction of this information is inappropriate. While the defendants posit that this information reveals content of confidential discovery requests, is derived from a leaked interrogatory or extrajudicial statements, or consists of a prejudicial statement made by the plaintiff's former counsel, we find that much of

this information is already in the public domain. Accordingly, we will order the remainder of the documents unsealed without the redactions proposed by the defendants.

The redactions to the remaining documents seek to protect information that has already been disclosed in documents on the record that are available to the public, as well as in news articles that have been written throughout the course of this litigation. As one court in this circuit reasoned, "[a]fter material appears unsealed on a court's docket, and therefore in the public domain, there are little, if any, plausible justifications for subsequently sealing the same material." In re Application of Storag Etzel GmbH, 2020 WL 2949742, at *29 (D. Del. Mar. 25, 2020). Further, the court noted:

> These principles have particular force in the modern world of electronic filing and judicial dockets openly accessible to the public on government and private databases. Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004) ("But however confidential it may have been beforehand, subsequent to publication it was confidential no longer. It now resides on the highly accessible databases."). See also American Civil Liberties Union of Mississippi v. Fordice, 969 F. Supp. 403, 411 (S.D. Miss. 1994) ("Regarding documents which are in the public domain, if a file contains only material which has already been made public, the Court finds that such files should remain completely open and unredacted."); aff'd sub nom. American Civil Liberties Union of Mississippi, Inc. v. King, 84 F.3d 784 (5th Cir. 1996); Performance Chevrolet, Inc. v. ADP Dealer Services, Inc., No. 2:14-CV-2738 TLN AC, 2015 WL 13855488, at *1 (E.D. Cal. Feb. 27, 2015) ("Defendant has identified no rule, statute, case or other authority requiring that the document it filed must be sealed or redacted after the fact. To the contrary, the cases addressing this issue have denied requests to seal documents where they were already publicly filed, or where the

> information contained in the documents is already in the public domain.") citing <u>Level 3 Communications, LLC v. Limelight Networks, Inc.</u>, 611 F. Supp. 2d 572 (E.D. Va. 2009); <u>Joint Equity Committee of Investors of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp.</u>, 2012 WL 234396, at *2 (C.D. Cal. 2012); <u>Cooke v. Town of Colorado City, Ariz.</u>, 2013 WL 3155411, at *2 (D. Ariz. 2013); <u>Apple, Inc. v. Samsung Electronics Co., Ltd.</u>, 2014 WL 722489, at *1 (N.D. Cal. 2014).

<u>Id.</u> In addition, as the district court noted, materials "which are already in the public domain," such as newspaper articles, "plainly need not be sealed." (Doc. 193, at 22-23).

Here, much of the information that MHS seeks to keep redacted in the disputed documents has already appeared in the public domain, whether on the docket in this case or in various news articles that were written throughout this litigation. This information is included in Documents 45, 46, 54, 55, 82, and 85. Specifically, in Document 46, the redactions proposed at pages 4-5, 10 n.5, 13, and 17 contain information regarding the plaintiff's allegations that he was forced to watch gay conversion therapy videos with his MHS house parents, and that another former student had come forth with similar allegations. This allegation against MHS is already in the public domain, as it is set forth both in the plaintiff's Amended Complaint and in a news article published by The Inquirer in 2017. Similarly, the redactions proposed to Documents 54 and 55 contain similar information regarding the plaintiff's and the second former student's allegations of being forced to watch

conversion therapy videos at MHS. Accordingly, we do not find good cause for the continued redaction of this information.

The remainder of the proposed redactions to Document 82, as well as the redactions to Document 85, also contain information that is already in the public domain. Specifically, these proposed redactions contain information concerning the plaintiff's allegations of MHS violating its Deed of Trust by forcing students to conform to Evangelical ideals, an allegation that was the subject of an article written by the Patriot News in January of 2018. This information is proposed to be redacted both from the text of Document 82 as well as the exhibits attached thereto, which contain an affidavit from the plaintiff's former counsel reiterating these allegations. In addition, there is information concerning an allegation that the plaintiff's former counsel leaked discovery information to a journalist, but this information largely encompasses what has already been shared in the public domain in news articles and public statements. Accordingly, because we find that this information is already in the public domain, there is no justification for the continued redaction of this information.

In sum, the defendants' proposed redactions to the disputed documents largely focus on information and allegations that have already been shared in the public domain, whether through news articles, public statements, or in documents that are unsealed and on the public docket in this case. Given that the redaction of this

information cannot now not "un-ring that bell." In re Application of Storag Etzel GmbH, 2020 WL 2949742, at *29, we will order that these documents be unsealed, subject to only the limited redactions we have discussed above to protect information obtained through either settlement discussions or attorney communications.

### B. Information Related to Nonparties[5]

Finally, the Inquirer seeks to have the names of certain third parties unredacted from these documents. These third parties include MHS personnel, as well as the plaintiff's former house parents at MHS. These individuals' names appear on the docket in publicly-filed documents, either in court orders or in the court's summary judgment memorandum, as well as news articles about the litigation.

On this score, it is worth reiterating that "[a]fter material appears unsealed on a court's docket, and therefore in the public domain, there are little, if any, plausible justifications for subsequently sealing the same material." In re Application of Storag Etzel GmbH, 2020 WL 2949742, at *29. Moreover, and significantly, names of third parties, without any other identifying information, are not the "kind of information that courts will protect." Three Brothers Supermarket, Inc. v. United States, 2020 WL 5749942, at *6 (E.D. Pa. Sept. 25, 2020) (quoting Avandia, 988 F.2d at 672). Here, the identity of the plaintiff's house parents has been revealed in

---

[5] These redactions are set forth in orange in the defendants' *in camera* submissions.

both the district court's summary judgment opinion and in news articles written about the litigation. Further, the names of the other individuals the Inquirer seeks to have unredacted appear on the docket in unsealed court orders. Accordingly, because these individuals—Mr. and Mrs. Slamans, the plaintiff's house parents; Dr. Doris Chang; Nadege Fleurimond; and Elizabeth Kochis—appear on the public docket, redacting their names from these disputed documents will not "un-ring that bell." In re Application of Storag Etzel GmbH, 2020 WL 2949742, at *29. Accordingly, we will order that the names of these individuals be unredacted to the extent they appear in any of the documents at issue. In addition, for the reasons set forth above, we will grant the Inquirer's request to unredact the names of the individuals whose names we ordered unredacted in Wartluft, et al., v. Milton Hershey School, et al., No. 1:16-CV-2145, to the extent those names appear in these documents.

While we have reached these conclusions regarding the release of records, mindful of the fact that concerned persons cannot "un-ring that bell," In re Application of Storag Etzel GmbH, 2020 WL 2949742, at *29, once records are disclosed, we will stay our order to ten days in order to allow litigants to determine whether they wish to seek further review of our decisions.

An appropriate order follows.

**III.   Order**

Accordingly, for the foregoing reasons, IT IS ORDERED THAT Documents 45, 46, 48, 54, 55, 59, 80, 82, 85, and 86 will be unsealed and redacted as follows:[6]

1. Documents 45, 48, 54, 55, 59, 85, and 86 shall be unsealed subject to any redactions agreed upon by the parties;

2. Document 46 shall be unsealed subject to the redactions at Exhibits 11 and 12, as well as to any redactions agreed upon by the parties;

3. Document 80 shall be unsealed subject to all of the redactions as proposed by the defendants, as well to any redactions agreed upon by the parties;

4. Document 82 shall be unsealed subject to the limited redactions proposed at pages 13-14, as well as to any redactions agreed upon by the parties; and

5. The following individuals' names shall be unredacted to the extent they appear in the documents at issue: Mr. and Mrs. Slamans, Dr. Doris Chang, Nadege Fleurimond, Elizabeth Kochis, Dr. Benjamin Herr, Mic Stewart, Heather Teter, Dr. Jeanette Morales-Brandt, and Dr. Lidija Petrovic-Dovat. To the extent there are names of other third-party individuals redacted within these documents, those names shall remain redacted.

---

[6] We note that some of the page numbers do no correlate to the defendants' list of redactions in Exhibit 1 (Doc. 217-1). Accordingly, the defendants shall be responsible for ensuring that the information we are unredacting is the proper text within these disputed documents when the unredacted copies are filed.

IT IS FURTHER ORDERED THAT implementation of this order shall be STAYED for 10 days in order to allow the parties the opportunity to review the court's order and seek further judicial review of this order, if they deem it appropriate. Furthermore, if the parties do not seek further review of this decision, counsel shall confer and tender copies of stipulated, redacted records to the clerk for release on the public docket within 30 days from the date of this order. Finally, this order is entered without prejudice to any party requesting further clarification of our directions and instructions.

So ordered this 17th day of December 2020.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge